Eastern Dis.
March, 1833.
══════════
PEMBERTON
vs.
ZACHARIE
ET ALS.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

In an action on a note given for the purchase money of real property, the plaintiff's consent to give security against the claims of certain persons, in whom defendant avers the title rests, is not an admission that security can of right be demanded, or that the same judgment could not otherwise have been rendered.

After appeal taken, an exception which has been dismissed, cannot be tried again in the inferior court, except by consent of the parties.

The effect of an appeal does not depend on the final disposition which may be made of it, but on the fact that it is pending and undecided.

A person may stipulate in favor of a third party, and if the latter avail himself of the advantage in his favor, it cannot be revoked.

This case comes before the court on a second appeal. On the first it was remanded on the ground that the order of appeal had been prematurely granted, the dismissal of the exceptions, from which the appeal had been taken, working no irreparable injury to the defendants. *Vide ante*, 22. On the second day after the first order of appeal was granted, the court below rendered a judgment approving the security offered by the plaintiff, and from this, and a judgment previously rendered on the merits, the defendants appealed.

*Seghers*, for appellants.

I. The judgment allows interest from the day the instal- <span>EASTERN DIS.<br>March, 1833.</span> ments became due, where interest was not to be allowed, except from the day the security was given by the plaintiff, <span>PEMBERTON<br>vs.<br>ZACHARIE<br>ET ALS.</span> and accepted by a final judgment of the court.

2. Interest cannot run from the day the instalments became due, but from the day the notes became respectively demandable, which is three days later, owing to the days of grace which the law allows.

3. The court below erred in rejecting and overruling the exceptions of the defendants to the security offered by the plaintiff.

4. It erred likewise in denying and refusing to the defendants the right of having the testimony of the witnesses taken down in writing by the clerk, on the trial of the cause, on the sufficiency of the said security.

5. The second judgment rendered by the court below, whereby the security is approved, was rendered at a time when its jurisdiction was suspended by an appeal, and is therefore null and void *ab initio.*

*Slidell,* for appellee.

1. The sale from Pemberton to Erwin, all the obligations of which are assumed by the widow Zacharie, was made under the *Old Code,* as was also the sale from Erwin to Zacharie. The respective obligations of the vendor and vendees, are to be governed by the law existing at the time of the sale, under that law the purchaser had no right to withhold payment from dread of eviction. *Fulton's heirs* vs. *Griswold,* 7 *Martin,* 223. *Brown* vs. *Rives,* 7 *N. S.* 235. *Donaldson* vs. *Mites,* 8 *N. S.* 181. The vendees having no right to withhold the payment of price, can of course not escape from the obligation of paying interest, as legal damages for the delay the gratuitous offer of the plaintiff, to give security against the pretended claims of the heirs of Belly, can in no way impair his legal rights.

2. The error of the court below, if it be one, in allowing interest from the day the instalments became due, without

EASTERN DIS.
March, 1833.

PEMBERTON
vs.
ZACHARIE
ET ALS.

reference to the days of grace, is too unimportant to call for the revision of this court. The defendants moved for a new trial, on various specific grounds, and the judgment was awarded on several of them; they should have required this amendment, which would not have been opposed below. *De minimis non curat lex.*

3. The dismissal and overruling of the exceptions pleaded by the defendants to the sufficiency of the security, was not in the nature of a final judgment, and no appeal could be taken from it; this point has been clearly settled by the dismissal of the appeal.

The opinion of the court, in this case, was delivered by PORTER, J.

These cases were consolidated in the inferior court. The judgment on the merits required the plaintiff to give security, and the security offered being objected to, a judgment of the court approving it, was also rendered. This appeal is from both decrees.

The error alleged in the judgment on the merits is, that the defendants were condemned to pay interest from the time the notes became due, although during that time they were in danger of eviction. The contract under which this contest has arisen, was entered into while the provisions of the *Old Code* were in force. According to them, it was not the fact of an outstanding title, but the institution of a suit, which enabled the buyer to suspend payment. No evidence is offered that any such suit was commenced in the present instance. The error, therefore, alleged in the judgment below, appears to us quite unsupported by the law in force at the time the engagement was entered into.

But it is contended, that however this may be, the particular circumstances attending the rendition of the judgment below, and the terms of that judgment, show that interest ought not to have been given. The answer of the defendants sets out various objections to the payment of the obligations sued on. None of which, so far as we can discover,

justify the position taken, that the defendants were not *in mora,* for it is no where alleged that suit has been commenced against them. However, on the judgment being about to be entered up, or perhaps before, for the record does not furnish us with precise information on this point, the plaintiff consented to give security against the claims of the heirs of P. Belly, in whom it is alleged by the answer, the real title to the land is vested. It is now contended that this offer to give security, is a sufficient acknowledgment, that judgment could not have been obtained without it, and proves that the defendants were justified in withholding payment. But we think this is carrying the effect of the admission too far. It cannot be understood as admitting more than the defendants have alleged in their answers, and they do not state that any suit had been commenced on the outstanding title. It is true, as we said, when this case was last before us, that the defendants had a legal right to see the judgment complied with, whether rendered by consent, or on the contestation of the parties, but the right depends on quite different grounds from the position now assumed, viz: that the offer to furnish the security, is an admission, judgment could not have been obtained without such condition. The plaintiff feeling himself able to give the defendants satisfaction on this point, without inconvenience to himself, may have preferred doing so to contesting the matter. And at all events, the consent cannot be understood to extend beyond the averments in the answer. We think, therefore, there was no error in the court directing the defendants to pay interest on the proceedings had in relation to the sufficiency of the security offered. The case has already been before us, on an appeal taken from a decision of the District Court, refusing the defendants leave to take down the testimony offered by them, in support of objections taken to that security. That appeal was dismissed, this court being of opinion it was premature, and that the injury, if any, could be redressed after final judgment, if the parties thought proper to bring the case before this court.

EASTERN DIS.
*March*, 1833.

PEMBERTON
*vs.*
ZACHARIE
ET ALS.

In an action on a note given for the purchase money of real property, the plaintiff's consent to give security against the claims of certain persons, in whom defendant avers the title rests, is not an admission that security can of right be demanded, or that the same judgment could not otherwise have been rendered.

EASTERN DIS.
*March*, 1833.

PEMBERTON
*vs.*
ZACHARIE
ET ALS.

An appeal has now been taken from the judgment of the court below, sustaining the sufficiency of the security offered. So that we have to examine whether the defendants had a right to have the testimony taken down. On this point we expressed ourselves so fully, when the case was first examined by us, that we deem it unnecessary to go again into it. We think they had that right, and we have only to examine whether any thing which took place afterwards, has deprived them of the privilege of placing their case before this court, on the evidence on which it was decided below.

. The various proceedings which have produced embarrassment in the progress of this case, have been already stated in our former opinion. There is nothing further disclosed by the record of the second appeal, save that on the 25th of June, the plaintiff took a rule on the defendants, to show cause why the order granting an appeal should not be rescinded, and if it were, why the defendants should not furnish additional security on the appeal bond.

This rule the court after hearing argument, discharged. Whereupon the plaintiff took another rule to the same effect, and offered further, that if it were granted, the evidence might be written down, to the refusal of the court to grant which, the bill of exceptions had been taken.

We do not learn from the record what disposition was made of the rule, except that it was continued to the 7th of July.

The order of the first of June, dismissed the defendants' exceptions to the security, and from that decision an appeal was taken. We consider it clear, that after the inferior court granted the appeal, its cognizance of the case in the issue joined on these exceptions terminated, until that appeal was disposed of. The case could not be pending on this point in the Supreme Court and the District Court at the same time. It is true, that after judgment of dismissal, and before the appeal was decided, the plaintiff offered to withdraw all objections to the evidence being taken down. The question is, whether the defendants were compelled to accept this offer and withdraw their appeal. We think not.

The court we are satisfied could not without the consent of the opposite party, try exceptions which it had already dismissed, when the right to review that sentence of dismissal had been withdrawn from it by an appeal. The defendants have not lost any of their legal rights by the responsibility to give that consent.

It has been contended, that as this court has decided that the appeal was improperly granted, it could not have had the effect of suspending proceedings in the inferior court. But it is obvious, that the effect of an appeal does not depend on the ultimate disposition which may be made of it, but on the fact that it is pending and undecided.

Eestern Dis.
March, 1833.

PEMBERTON
vs.
ZACHARIE
ET ALS.

After appeal taken, exceptions which have been dismissed, cannot be tried again in the inferior court, except by consent of the parties.

The effect of an appeal does not depend on the final disposition which may be made of it, but on the fact that it is pending and undecided.

It is, therefore, ordered, adjudged and decreed, that the judgment on the merits rendered in this case, be confirmed with costs, and that the judgment approving the security be reversed, and the cause on this point remanded to the District Court, with directions to the judge not to refuse the defendants permission to take down in court the evidence which they may offer in support of their exception, and it is further ordered, that the appellees pay the costs of this appeal.