**STATE OF LOUISIANA vs. JUDGE OF THE FIRST DISTRICT.**

EASTERN DIS.
*July*, 1841.

STATE OF LA.,
*vs.*
JUDGE OF THE
FIRST DISTRICT.

ON AN APPLICATION FOR A WRIT OF PROHIBITION, IN THE MATTER OF THE CITY BANK OF NEW ORLEANS *vs.* D. T. WALDEN.

The plaintiff, in Injunction, who is non-suited, is entitled to *a suspensive appeal*, on giving his bond for the amount of the costs and one half over.

In an Injunction case to restrain the adverse party from taking out an order of seizure and sale, when the plaintiff is non-suited and takes a suspensive appeal, a writ of prohibition will be granted to the Judge *a quo*, prohibiting him from proceeding to allow the order of seizure, until the party is heard on his appeal.

Such as the Injunction originally was before the judgment of non-suit, so it remains afterwards, until the appeal is tried; and no proceedings can be had until it is finally decided in the Supreme Court.

A prohibition is not a writ of right, but the court may grant it on such conditions as will secure to the party who may suffer by it, sufficient indemnity for the trouble, delay and losses he may unjustly sustain.

19L 167
46 495

19L 167
51 467
51 468

19 167
120 634
f120 637
120 639

This case comes up on a rule taken by D. T. Walden, on the District Judge of the first judicial district, to show cause why a writ of prohibition should not issue, commanding him to abstain from all further proceedings in the case of the City Bank of New Orleans, against D. T. Walden.

The petitioner, Walden, alleges that on the 26th of October, 1840, he commenced suit against the said City Bank to annul certain mortgages given by him to the Bank, on the ground that they were null and void: and that he prayed for and obtained an injunction against the Bank, to prevent it from taking out an order of seizure and sale, until the suit for the annulment of said mortgages could be tried and finally decided. That, on the 10th November following, the Bank took a rule on him to show cause why the injunction should not be dissolved and set aside; which rule, on hearing the parties, was made absolute, and judgment rendered setting the injunction aside; from which, this petitioner took a suspensive appeal on giving bond with a surety in the sum of $6000. That on the 8th December, 1840, the City Bank applied for an order of seizure and sale, which was refused by the District

EASTERN DIS. Judge; and from this refusal the Bank appealed, which is still
July, 1841.
pending.

STATE OF LA.,      The petitioner further shows, that after this appeal was
vs.
JUDGE OF THE   taken by the City Bank, his injunction suit came on for trial
FIRST DISTRICT.
and a judgment of non-suit was rendered against him, from
which he took an appeal within the time required by law to
stay execution, and gave bond and security for the amount of
the judgment *and one half over*, in pursuance of the order
of court. This bond was for only $250, the amount neces-
sary to cover costs. That afterwards, to wit: on the 25th
January, 1841, the District Judge granted an order of seizure
and sale, by endorsing the same on the petition, on which he
had previously refused said order. It is against this order of
seizure and sale, the petitioner prays a writ of prohibition to
the District Judge to abstain from all proceedings in the
matter until the further order of this court.

*The District Judge* showed cause and set up various mat-
ters against the application. Among others he considered the
judgment of non-suit as disposing of the injunction, and that
the writ of seizure could properly issue; especially as he con-
sidered the appeal taken therefrom as *not* suspensive; the
appeal bond being only for $250, and merely to cover costs,
when the amount of the debt or matter in dispute exceeded
$200,000.

2. The petitioner has shown no legal grounds for a writ of
prohibition in this case. His remedy, if he is injured or ag-
grieved by the order of this court granting the writ of seizure
and sale, is by an appeal from it. It would be assuming
original jurisdiction in the Supreme Court, to take cognizance
of the case and award a writ of prohibition, when the remedy
of the party is by appeal; and when they can extend the relief
sought, in the exercise of their appellate jurisdiction, and to
which, it is respectfully urged, they are restricted by the
constitution.

*Hoffman & Grymes,* for the applicant.

The District Judge also appeared in *propria persona*, and argued against the prohibition.

*Simon, J.* delivered the opinion of the court.

This is an application for a writ of prohibition. The applicant, D. T. Walden, alleges that on the 26th of October, 1840, he instituted a suit against the City Bank, praying that two mortgages executed by public act, amounting together to $200,000, be declared null and void; that in the mean time he obtained an order enjoining the said bank from suing out any order of seizure and sale on the said mortgages, and gave the bond and security required by the court. That on the tenth of November ensuing, a rule was taken to dissolve the injunction, which was set aside by the court with damages, from which judgment he took a suspensive appeal. He further states that on the 8th of December, the City Bank filed their petition praying for an order of seizure and sale on the said mortgages, which was refused by the lower judge, from whose judgment an appeal was also taken and is yet pending before this court. That subsequently the injunction was tried on its merits, and a judgment of non-suit was therein rendered, from which the applicant took his appeal within the time required by law for staying execution, and gave bond and security in pursuance of the order of said court; and that on the 25th of May, 1841, the district judge granted *ex parte* an order of seizure and sale of the property mortgaged by endorsing the same on the petition filed on the 8th of December, 1840, and now pending on appeal, and is about to carry the same into effect, unless arrested by a prohibition from this court.

The applicant's petition having been served on the district judge and on the City Bank, said judge answered the rule by first representing that there was no proceeding now pending before his court against which, in his opinion, a writ of prohibition could properly issue; and after giving a statement of the several proceedings had before him, which are the same alluded to in Walden's petition, he goes on to state: "the cause of

EASTERN DIS. Walden *vs.* the City Bank has since been heard upon the me-
July, 1841. rits, and the court being of opinion that the plaintiff had failed
STATE OF LA., to establish any right to the interposition of the court in his
*vs.* behalf, gave judgment of non-suit. If no appeal had been
JUDGE OF THE
FIRST DISTRICT. taken from this judgment, it is apparent that the appeal from
the judgment upon the rule to dissolve, would have become at
once nugatory. The injunction granted was a mere accessory
to the principal demand, the principal demand being dismissed,
it is obvious that its accessories, in whatever court pending,
must share its fate."

"But an appeal was taken and bond given for two hundred
and fifty dollars, the application of the bank for an order of
seizure and sale upon its mortgages, purporting a confession of
judgment, was then renewed. The question then presented to
the decision of the court was whether an appeal from a judg-
ment of non-suit with a bond of $250 could stay the execution
awarded by law upon mortgages, to an amount exceeding two
hundred thousand dollars. In the opinion of the undersigned,
such an effect could not legally follow such an appeal, and
the order of seizure and sale was therefore granted."

"During the interval between the judgment on the rule to
dissolve the injunction and the judgment on the merits of the
suit of D. T. Walden *vs.* the City Bank, an order of seizure
and sale was refused to the bank; but, in the view of the un-
dersigned, the circumstances were materially changed after
judgment on the merits and it then became proper to award to
the bank, the order which had formerly been refused."

He also refers to the records filed in this court in the several
suits between the parties therein interested, and further alleges
that when Walden's petition of appeal was presented, his
counsel disclaimed any intention of demanding a stay of exe-
cution, and that the appeal was consequently allowed with the
security tendered.

The city bank also appeared, and referred us to the answer
of the district judge as containing sufficient reasons why the
writ of prohibition should not be granted.

We have examined the records referred to in the district judge's answer, and have been able to ascertain that the facts therein stated and those alleged in the applicant's petition are correct. It appears further that when Walden obtained his injunction, he gave a bond and security according to the order of the court in the sum of twenty thousand dollars; that on the dissolution of the injunction, he and his sureties were condemned to pay *in solido* ten per cent. per annum on the amount of the injunction bond; that on appealing from said judgment, he gave an appeal bond and security in the sum of six thousand dollars; that when the order of seizure and sale first applied for after the dissolution of the injunction, was refused, the district judge was of opinion that "the bank could not proceed against Walden by the *via executiva,* so long as the appeal was pending, for that appeal necessarily revived the injunction;" and that when the petition of appeal from the judgment of non-suit was presented to him, the lower judge only required a bond and security in the sum of two hundred and fifty dollars.

The judgment last appealed from, being one of non-suit only, it is clear that the appellant being bound to furnish his bond and security for a sum exceeding one-half the amount of which the judgment was given against him, and the said judgment being merely for costs, the bond was properly required for the sum of two hundred and fifty dollars; *Code of Practice, art.* 575. This was sufficient to make the appeal suspensive, without reference to what had been previously done in the case.

But it is contended that in order to prevent the bank's obtaining an order of seizure and sale, by virtue of the mortgage; that is to say: to give effect to and to revive the writ of injunction during the pendency of the cause before this court, the appellant ought to have furnished his appeal bond and security for three hundred thousand dollars, as the security on the injunction bond was only given to secure damages and not the debt. We cannot agree to this proposition: we conceive

Eastern Dis.
*July,* 1841.

State of La.,
*vs.*
Judge of the
First District.

The plaintiff, in injunction, who is non-suited, is entitled to *a suspensive* appeal, on giving his bond for the amount of the costs and one half over.

EASTERN DIS.
July, 1841.

STATE OF LA.,
vs.
JUDGE OF THE
FIRST DISTRICT.

that, by obtaining his writ of injunction and furnishing the security required by the judge, Walden became entitled to the protection of the court, and to its interposition so as to prevent the seizure and sale of the property mortgaged as long as the matter in controversy remained undetermined. On the dissolution of the injunction with damages in the court below, he took a regular suspensive appeal, which necessarily had the effect of maintaining the injunction and of leaving the case and all the orders taken in it, in the same state in which they were previous to its being dissolved. The district judge himself was convinced of the correctness of this course, when he refused to grant the order of seizure and sale first applied for, and we are unable to see any good reason why after the trial of the injunction suit on its merits, and after a suspensive appeal had been granted from his judgment of non-suit, he should have thought himself authorized to destroy the effect of his first decision, and to deprive the applicant of the legal protection which had been extended to him by the issuing of the writ of injunction. If the order made by the district court granting an appeal from the judgment dissolving the injunction, deprived that court of further jurisdiction in the cause, and transferred it to the appellate court, it is clear that it was not in the power of the inferior judge to take cognizance of any proceeding which would have for its object the violation of an anterior order, which, by the appeal was revived or continued in full force; and the more so that a similar application having already been made to him, after the injunction was dissolved, he had thought proper to refuse it as illegal or irregular, and that an appeal from this judgment had also been taken and was then and is now yet pending before the appellate court.

It may be true that the appeal in question will perhaps occasion an improper delay to the bank, and will effectually suspend the ultimate recovery of the amount alleged to be due by the applicant, without any other security, as to the debt, than the property mortgaged which, having never been seized, remains in his possession; but it is equally true that no judg-

ment was ever rendered against him for the said amount; that on the contrary the first demand made by the bank for an order of seizure and sale has been rejected; and we know of no law that requires a plaintiff in injunction, who has given his bond to secure the damages which may be sustained by the defendant, and who, on appealing, gives another bond to secure the damages recovered against him, to furnish an additional appeal bond for the purpose of securing the amount of the debt. Such as the writ of injunction was originally granted and issued; such, after the appeal, must it continue to remain in its full force and effect, until the final determination of the suit in the appellate court. It is a well settled rule that " after a cause is sent to the Supreme Court by regular appeal from any of the inferior tribunals of the State, the court of the first instance can no longer legally take any steps in a case they transferred, except such as may be necessary to transmit the record to the court above, in the manner provided by law." *Pemberton* vs. *Zacharie*. 4 *La. Rep.*, 205. *See also*, 6 *Martin*, *N. S.*, 464; 7 *Idem*, 353; 8 *Idem*, 440; 5 *La. Rep.*, 314, *and* 15 *Idem*, 391.

We therefore consider that this is a proper case to require the application of the provisions contained in the *articles* 846 *and following of the Code of Practice*: but as the writ applied for is not a writ of right; and as we conceive it is in our power to grant it with such conditions as will secure to the party who may suffer by it, a sufficient indemnity for the losses, trouble and delay, which it may perhaps unjustly and improperly occasion him to sustain. We think it our duty under the circumstances of the case, to require that, before the issuing of the writ of prohibition by him prayed for, the applicant shall file with the clerk of this court, his additional bond in favor of the City Bank, with good and sufficient security *in solido*, for the sum of *seventy-five thousand dollars*, conditioned that he shall pay all such damages as shall have been sustained by the said bank, in case it should be decided that the injunction heretofore obtained has been wrongfully sued out, and illegally and improperly kept in force on the appeal before this court.

---

**Margin notes:**

EASTERN DIS. *July*, 1841.

Such as the Injunction originally was before the judgment of nonsuit, so it remains afterwards until the appeal is tried; and no proceedings can be had until it is finally decided in the Supreme Court.

A prohibition is not a writ of right, but the court may grant it on such conditions as will secure to the party who may suffer by it sufficient indemnity for the trouble, delay and losses he may unjustly sustain.

It is therefore ordered, adjudged and decreed that a writ of prohibition issue, on the applicant's complying with the condition above expressed before the expiration of this month, by filing his bond with good and sufficient security for the sum of seventy-five thousand dollars, conditioned as above specified.