MARIE JOSEPH BEAULIEU and others *v.* FREDERICK FURST and others.

A party against whom an order of seizure and sale had been issued, presented a petition alleging that the mortgage and notes were obtained by fraud, and that the mortgage was illegally executed, and praying for an injunction, for a judgment rescinding the act, for damages against the mortgagee and a third person alleged to have been concerned in the fraud, and for a trial by jury. The mortgagee answered, praying that the injunction might be dissolved, the demand rejected, and for a judgment in his favor for the amount of his debt. *Held,* that the causes of opposition not being confined to those enumerated in art. 739 of the Code of Practice, and the proceedings having been changed from the *via executiva* to the *via ordinaria*, the mortgagee must be considered as a defendant, in the proceedings to obtain the injunction; and that the other party, like other plaintiffs, was entitled to open and close the argument.

APPEAL from the District Court of the First District, *Buchanan,* J.

GARLAND, J. In April, 1837, Furst sold to the Beaulieus a house and lot on the Bayou road, for $13,400, payable in twelve and eighteen months. They executed their notes for the price, and to secure their payment, gave an endorser, and a mortgage on the property sold, and on a tract of land on the Metairie road, in the parish of Jefferson, on which they resided. When the first payment became due, Furst presented his petition praying for an order of seizure and sale of the property on the Bayou road alone. The Beaulieus filed an opposition to this proceeding, alleging various grounds of nullity, either relative or positive, in the act of sale and mortgage, to which Furst filed an answer. This opposition was dismissed by the opponents. The property was sold by the sheriff, and brought a little more than the amount of the first note. When the second note became due, Furst presented what he called his supplemental petition, although the first order of seizure had been previously executed and the amount for which it issued fully satisfied, alleging that the second note had become due, and remained unpaid, and asking that such order and relief as was needful might be granted. The judge made no order on this petition, but the Beaulieus, by their counsel, accepted service of it, and filed an answer, reiterating all their objections to the first order of

seizur.. Upon this the counsel of Furst discontinued his proceedings; but on the same day filed, by the leave of the court, another supplemental petition, setting forth, more specifically the previous proceedings under the first order of seizure and sale, the maturity of the second note, and the existence of a mortgage on the land on the Matairie road ; and concluded by a prayer for a second order of seizure and sale, which was granted by the judge upon the filing of the second note.

This last writ was about being executed by the sheriff, when the Beaulicus presented a regular petition to the District Court, stating its existence, the attempts to execute it, and, after several allegations as to want of notice and demand of payment at the proper place, &c., they allege that the act of mortgage and notes were obtained by fraud, and other unlawful means, practiced by the agents of Furst, with his connivance. They aver that the act is null and void, because it was not executed before a notary public ; that it was signed in the parish of Jefferson, where they reside, and where the notary, before whom it purports to have been executed, has no authority ; that he was not present at the time ; that all the persons who subscribed the act as witnesses did not see them sign it, and that but one of them was present. The petition then proceeds to state in what manner the alleged fraud was practiced ; and concludes by a prayer for an injunction, for the setting aside of the order of seizure and sale, for ten thousand dollars damages, for the rescinding and cancelling of the act, and for a trial by jury.

A person named Favre Hazeur, who was alleged to be a principal agent in the fraud, was also made a party, and judgment for damages asked against him. Furst and Hazeur answered this petition and the interrogatories at great length, denying any fraud or collusion between them. The former denied most positively that the latter was his agent, giving a full detail of all the circumstances of the transaction. Furst concludes his answer by praying for a dissolution of the injunction, that the demand of the plaintiffs may be rejected, and that he may have a judgment in his favor, and for general relief.

The District Judge at first ordered the case to be put on the court docket, and proceeded to try it summarily ; but after some in-

vestigation, he concluded that it was a case which properly belonged to a jury, and ordered it to be so tried. Four juries were unable to agree on a verdict, but the fifth found a verdict in favor of Furst, upon which a judgment was entered ; and the Beaulieus have appealed.

Upon the trial several bills of exception were taken, to which our attention has been called.

The first, is to the opinion of the judge permitting the counsel for Furst to open and close the argument to the jury. They insisted, as Furst was the plaintiff in the application for the order of seizure and sale, that he continued to be so, and that the petition for an injunction should only be considered as an answer or opposition to their demand, and the answer of Furst to it, only as a replication, or answer to a demand in reconvention. The judge below so viewed the proceedings, and, by considering the Beaulieus as opponents only, decided they did not come within the meaning of the articles 476, 477, 485, of the Code of Practice, and the well settled rule, established by this court, that the plaintiff has the right of opening and closing the argument. If the causes of opposition were confined to those mentioned in article 739 of the Code of Practice, and the proceedings had not been changed from the *via executiva* to the *via ordinaria*, it is possible the judge would have been correct. But in this case, the causes for the injunction go to other matters than those stated in that article. New issues have been raised, in which the Beaulieus hold the affirmative. To these Furst has responded, and, in his answer, he asks for a judgment for his debt, in the nature of a reconventional demand. If Furst confines himself to his original petition, it is clear that he must fail, as it is shown beyond all doubt that the act is not one on which an order of seizure and sale can be issued. It is proved beyond all question that the act was signed in the parish of Jefferson, where the Beaulieus reside, and that the notary, who resides in New Orleans, was not present at all. The act purports to have been executed in the presence of three witnesses, and they signed it ; but the evidence clearly establishes that two of them, Wolmar Bon and Quemper, were not present, and never saw the parties sign at all. The former testifies to the fact. Emmerlung, a witness named in the act as being present, says that no one was present

but himself and Le Carpentier. He signed it after he returned to the city. Le Carpentier says he saw it signed, but his name is not in the copy on which the order of seizure and sale was issued. The act is shown not to have been executed in the presence of a notary and two witnesses, and does not import a confession of judgment. No order of seizure can, therefore, be issued on it; and Furst's only chance to prevent being turned out of court, is to hold on to his answer to the petition for an injunction, in which proceeding he is the defendant. The idea that Furst continued to be the plaintiff after the injunction, seems not to have suggested itself until the argument before the jury. In his answer he styles himself the defendant, and the Beaulieus the plaintiffs. Throughout all the pleadings and trial, up to the argument, he and they are invariably so called; and we think he cannot at pleasure shake off his acknowledged capacity, and assume that of his adversary. The plaintiff's counsel in all cases, is entitled to the opening and closing argument; and being satisfied that the Beaulieus are such, we think the judge erred in permitting the counsel for Furst to open and conclude the argument to the jury. 5 Mart. N. S. 75.

The second bill of exceptions, is to the opinion of the judge refusing to permit Rillieux to relate all that the plaintiffs had said to him, at the time they told him " the property was seized, but did not explain how, or the circumstances," on the ground that, as the other party had called for a part of what was said, they had a right to know all that passed. We think the judge did not err. The principle of law asserted is correct; but so far as we are able to understand the objection, and what the witness stated, it does not appear that there was any other conversation relevant to this transaction.

The third bill is to the refusal of the judge to permit Favre Hazeur, the broker, to testify to all the facts of the case as they occurred. Furst objected, on the ground that he was the endorser of the note sued on, and interested in the case. We think the judge did not err; and the objection that it was too late after the witness was sworn in chief cannot avail the plaintiffs, as the record shows that the testimony of the witness was not intended in the first instance to apply to Furst.

The judgment of the District Court is, therefore, reversed, and

the cause remanded for a new trial, with directions to the District Judge to permit the counsel for the Beaulieus, the plaintiffs, to open and close the argument before the jury, and otherwise to proceed according to law ; the appellee paying the costs of the appeal.

*J. W. Smith,* for the appellants.

*L. C. Duncan,* contra.