## No. 4787.

STATE OF LOUISIANA, ex rel. Mrs. Sarah Richardson, *v.* THE JUDGE OF THE FOURTEENTH JUDICIAL DISTRICT COURT.

When an injunction issues against an order of seizure and sale, and a suspensive appeal is taken from the judgment dissolving the injunction, the amount of the bond must be measured, not by the amount involved in the injunction suit, but by the amount of the judgment ordering the seizure and sale staid by the injunction.

A judgment dissolving an injunction against an order of seizure and sale without damages is simply a judgment of nonsuit, and seems naturally to blend itself with that ordering the sale; or, in other terms, it is in substance a repetition of the order first granted.

It is not considered that the import of a suspensive appeal in such a case has any other effect than that of suspending the original order of sale. The judgment dissolving the injunction does not constitute a separate, independent judgment, that could be appealed from for any other purpose than that of affecting the original order of seizure and sale.

APPLICATION for a writ of mandamus, directed to *Robert Ray*, Judge of the Fourteenth Judicial District Court. *Barrow & Pope* and *Morrison & Farmer*, for relator. *Robert Ray*, in *propria persona.*

TALIAFERRO, J. A creditor of the relator having obtained an order of seizure and sale against her property, she injoined the execution of the writ, alleging various grounds for the proceeding. The injunction was dissolved, and the relator moved the court for a suspensive appeal, tendering a bond with surety for five hundred dollars to cover costs. The court ordered that a devolutive appeal be granted her on giving bond in the sum of one hundred dollars, and a suspensive appeal on furnishing bond in the amount required by law. The relator thereupon applied to this court for a writ of mandamus, directed to the Judge of the Fourteenth District, commanding him to grant the suspensive

654          SUPREME COURT OF LOUISIANA,

State ex rel. Mrs. Sarah Richardson v. Judge of the Fourteenth Judicial District Court.

appeal applied for on bond of five hundred dollars. A rule *nisi* was granted, returnable before this court on the first Monday of November, 1873, and all proceedings in the case staid in the lower court.

To this rule the judge *a quo* answers:

*First*—That the proceeding entitled Sarah Richardson *v.* B. H. Dinkgrave, Sheriff, et al., is not by law an independent suit or proceeding coupled with the conservatory writ of injunction, as contemplated by Code of Practice, articles 296 *et seq.*, which is instituted by petition, oath and bond; but is, in its nature and all its bearings, an opposition and answer to the petition for order of seizure and sale. 4 La. 89; *ib.* 293; 3 Rob. 347.

*Second*—That the doctrine enunciated in the case of the State, ex rel. Stackhouse, *v.* the Judge of the Fourth District Court of New Orleans, 21 An. 152, referred to in the rule *nisi* granted by this court against respondent, and the ruling in that case, does not conflict with the judgment and ruling of respondent in the present case, for the reason that the relators, Stackhouse et al., in 21 An. p. 152, obtained an injunction upon giving bond with security for $1000; that Zunts filed an answer, praying for a dissolution of the injunction; whereas, in the case at bar, Mrs. Richardson did not obtain an injunction upon giving bond in any amount, claiming the benefit of article 739 of the Code of Practice, to sue out her injunction or opposition without giving bond.

*Third*—That Mrs. Richardson having failed to sustain the allegations in her petition, when called on by plaintiff by rule to do so, respondent regarded the fiat or orders issued by him in the proceeding as the only judgment extant in the case, and that in order to obtain an appeal the amount of the judgment in the case of Pargoud *v.* Richardson must govern. While the law grants to creditors having title importing confession of judgment the right of executory process to seize and sell the property of their debtors summarily, it accords to debtors protection against injury and inconvenience they might otherwise suffer from an undue and improper exercise of that right on the part of creditors. Accordingly it presents specifically by article 739 of the Code of Practice the only grounds upon which a sale of property, seized under executory process, may be arrested. Articles 738 and 740 grant the debtor the ready means of preventing an improper sale of his property, by swearing to the alleged fact authorizing a suspension of the sale, and may obtain his injunction without giving security. Article 741 then declares that: "The plaintiff against whom the injunction has been obtained, may compel the defendant to prove, in a summary manner before the judge, the truth of the facts alleged in his opposition." And article 742 proceeds: "If, on being thus required, the defendant proves that the action on which the seizure·

has been obtained is extinct or prescribed, or that the cause of it is void, or that the debt on which it is founded is paid, remitted or compensated, the judge shall revoke the order of seizure and condemn the plaintiff to pay costs." Article 743 follows, announcing that "if the defendant does not prove the truth of the facts alleged in his opposition, or if it appears that he has paid, or can plead in compensation for only a part of the debt, the judge shall dissolve the injunction he has granted, and the sale of the property shall proceed, either for the whole debt or for a part, as the case may be."

The terms of this article are peremptory, that, upon the dissolution of the injunction, the sale shall proceed. It assumes that the party has exercised the liberal right accorded to him of suspending the sale by injunction without giving security—that he has been heard by the judge and the grounds for his injunction found to be frivolous and not warranted by law. We find nothing in the entire chapter, treating of executory process, that justifies the inference that a defendant, in an order of seizure and sale, is to be indulged further in delaying his creditor in the enforcements of his rights without affording him indemnity against contingent injury and loss that might arise from delay. The judgment in the case at bar, dissolving the injunction without damages, is simply a judgment of nonsuit, and it seems naturally to blend itself with that ordering the sale, or, in other terms, it is in substance a repetition of the order first granted. We do not readily see the import of a suspensive appeal in such a case as having any other effect than that of suspending the original order of sale. Disconnected entirely from that order, a suspensive appeal from the order dissolving the injunction would be nugatory. The judgment dissolving the injunction would not constitute a separate, independent judgment that could be appealed from, for any purpose other than that of affecting the original order of seizure and sale. We have not found a case in our jurisprudence where a suspensive appeal, from a judgment dissolving an injunction taken out to suspend the execution of a writ of seizure and sale, has been taken on a mere nominal bond for costs. In the case on which the relator more especially relies, that of the State, ex rel. W. and H. Stackhouse, v. The Judge of the Fifth District Court of New Orleans, 21 An. 154, security was given for one-half over and above the sum awarded as damages and costs, which made the bond about $20,000.

We are not inclined, after further consideration of the law and the several decisions bearing on the prominent point in the case before us, to adhere to all the views we expressed in the Stackhouse case just referred to. We find that these views are not sustained by the previous decisions, and we regard them as antagonistic to the case of The State v. The Judge of the Third District (18 La. 444), which we now

·consider embodies the true interpretation of the articles of the Code of Practice bearing on the subject.

The case of The State *v.* The Judge of the First District (19 La. 167), was where the injunction in the first place was, not to restrain ·the execution of an order of seizure and sale, but to prevent an order of seizure and sale from issuing—the party giving a bond for $20,000. Subsequently, on rule, this injunction was dissolved with damages. An appeal from the order dissolving the injunction was taken on a bond of $6000. Afterwards, on the trial of the injunction on its merits, a judgment of nonsuit was rendered against the plaintiff, from which he appealed—giving bond to cover costs only. The court regarded the appeal as suspensive, but it went on to say : " We know of no law that requires a plaintiff in injunction, who has given ·his bond to secure the damages which may be sustained by the defendant, and who, on appealing, gives another bond to secure the damages recovered against him, to furnish an additional bond for the purpose ·of securing the amount of the debt." A writ of prohibition was ·granted, but the plaintiff was first required to furnish an additional bond for $75,000 to protect the bank in case it should appear the injunction had been wrongfully taken out.

The cases referred to in twentieth and twenty-second annuals have no direct analogy to the case under consideration.

Entertaining these views, we conclude that the relator can only avail herself of a suspensive appeal in this case by conforming to the re- ·quirements of article 575 of the Code of Practice, by furnishing bond with security in a sum exceeding by one-half the amount of the order or judgment rendered against her.

It is therefore ordered, adjudged and decreed that the rule taken in this case be discharged at relator's cost. It is further ordered that a suspensive appeal be granted to the relator in this case ; provided that within fifteen days from the rendition of this decree she furnish bond with security, according to law and in conformity with this decree, in .favor of the plaintiff, J. F. Pargoud.

HOWELL J., *dissenting.* I think the doctrine in the Stackhouse case in 21 An. p. 152, should be adhered to, and I can add nothing to what is said therein in support of the doctrine which I consider applicable to this case, and think the prohibition herein should be made perpetual.

WYLY, J., *dissenting.* The relator injoined under articles 739 and ·740 Code of Practice the order of seizure and sale sued out by J. Frank Pargoud against her to enforce a special mortgage. At the trial the

State ex rel. Mrs. Sarah Richardson v. Judge of the Fourteenth Judicial District Court.

court dissolved the injunction without damages, and the relator sought to take a suspensive appeal from the judgment, tendering a bond sufficient for costs and for damages for frivolous appeal. The court, however, refused to allow a suspensive appeal, unless the relator would furnish bond for one-half over and above the amount of the mortgage debt for which the order of seizure and sale issued.

The question is, was the relator bound to furnish the bond required by the judge ?

As no appeal was sought from the order of seizure and sale, no bond was necessary to stay the execution thereof—that had already been suspended by the injunction. The question is what bond is necessary to suspend the judgment dissolving the injunction ?

That was the precise question presented in the case of State, ex rel. Stackhouse, v. Judge of Fifth District Court (21 An. 152). And there, after examining the authorities, this court held that a bond for one-half over and above the amount of the judgment dissolving the injunction will be sufficient for a suspensive appeal. This is all that is required by article 575 Code of Practice.

The bond tendered by the relator, in my opinion, was ample; and the judge had no right to require a bond for one-half over and above the amount of the order of seizure and sale. But, it is urged, that the injunction was obtained under articles 739 and 740 Code of Practice, without bond, and that if the relator gets a suspensive appeal there will be no security for the amount of the executory process injoined.

To this the reply is, the injunction issued according to law, there being no question that the relator complied with the requirement of articles 739, 740. If the law permits an injunction of executory process in certain cases without bond, the judge has no right to defeat the law, because, in his opinion, there should be some security for the mortgage creditor pending the litigation of the injunction suit.

If the law-giver had intended additional security to be given to maintain the injunction granted under articles 739, 740, during a protracted litigation arising from an appeal having been taken from the judgment dissolving the injunction, or arising from any other cause, a provision to that effect would have been inserted in the law.

In the absence of any such provision limiting the right conferred by articles 739 and 740 C. P., I am of the opinion that the suspensive appeal sought by the relator must be granted pursuant to article 575 C. P., which only requires bond for one-half over and above the amount of the judgment dissolving the injunction. Such a bond has been tendered by the relator. But the judge a quo says: no, the amount of the bond is not to be measured, in this case, by the amount of the judgment in the injunction suit which you seek to appeal from, but the amount of the bond must be measured by the amount of another judgment or order of seizure and sale staid by the injunction.

42

Now, I maintain that this ruling violates the express provisions of article 575 and the well settled adjudications of this Court, to the effect that, in determining the amount of a bond for a suspensive appeal, the amount of the judgment sought to be appealed from alone must be considered.

The effect of a suspensive appeal from the judgment dissolving the injunction in this case, would be to leave the writ granted under articles 739 and 740 in full force until the final disposition of the case in this Court. Now, whether such an appeal will subject the mortgage creditor to loss unless a bond be given to secure the debt, or whatever hardship may occur to him on account thereof, is a question not to be considered by the Court. The only proper view of the subject is, the law allows the injunction without bond, and the law allows a suspensive appeal with a bond for one-half over and above the amount of the judgment dissolving the injunction. If the enforcement of the law, in the case under consideration, produces hardship or loss to the mortgage creditor, the court must, nevertheless, enforce the law. We have no right to deny the relator a suspensive appeal, in view of the bond which she tenders conformably to article 575 C. P.

The right to an injunction and the right to an appeal are given by the law upon the conditions therein required. The relator in this case has complied with the law, and, in my judgment, is entitled to a suspensive appeal. I therefore dissent in this case.