Morgan, J.
In the suit of Coons v. Cannon et als., plaintiff brought suit to recover from the defendants a large sum of money, and to be decreed to bo part owner of the steamer Katie. Alleging that defendants were in possession of the steamer, and that they were about to-sell her, he applied for an injunction restraining the sale, which was granted to him upon Ms furnishing bond in the sum of $1000. On exception of no cause of action being disclosed by the petition, the suit was dissolved as in case of nonsuit. From this judgment he asked for a suspensive appeal upon his furnishing bond in the sum of $250. *335 The district judge refused a suspensive appeal except on condition of the appellant’s giving bond in the sum of $25,000. He applies for a mandamus compelling him to allow the suspensive appeal upon a bond for $250.
The relator relies upon the case of Hickey v. The Judge of the Fourth District Court, 20 An. 108, in support of his application. The object of that suit was to annul a certain sale and transfer of all the plaintiff’s right, title and. interest in the successions of her grand parents, which she had made to the defendant. There was judgment against him, and he applied for a suspensive appeal, which the district judge refused him, except upon his furnishing bond in the sum of $25,000. This court ordered the district judge to grant the appeal upon his furnishing bond for $250. No moneyed judgment was rendered against the defendant. He was not ordered to restore any property. In effect the decree only reinstated her in her rights as an heir of her grand parents, and entitled her to a portion in their estates. The judgment was properly rendered and has remained undisturbed.
But here the case is different. It is true no moneyed judgment is rendered against the relator, nor is he ordered to deliver any property, but he sought to restrain the defendants from selling a valuable property. The court dismissed his pretensions. If he obtains a suspensive appeal upon a mere nominal bond, he perpetuates the injunction, at all events, until his appeal is disposed of. It.is true he has given an injunction bond in the sum of $1000, but the property is estimated to be worth some $60,000, and it is easily seen that in case of failure, the defendants are without that security responsive in damages, which the law guarantees to them.
In the case of the State v. The Judge of the First District Court, 19 La. 167, it was held that “ the judgment last appealed from being one of nonsuit only, it is clear that the appellant being bound to furnish his bond and security for a sum exceeding one-half the amount for which the judgment was given against him, and the said judgment being merely for costs, the bond was properly required for the sum of $250.”
In the case referred to, when Walden obtained his injunction, he gave bond in the sum of $20,000. The effect of the injunction was to restrain the City Bank from issuing any order of seizure and sale upon notes amounting to $200,000, secured by mortgage upon certain real estate. On the dissolution of the injunction, he and his sureties were condemned to pay in solido ten per cent, per aunum on the amount of the judgment bond. On appealing from this judgment he gave an appeal bond in the sum of $6000; when the order of seizure and sale first applied for. after the dissolution of the injunction was refused, the *336 district judge was of the opiniou that the bank could not proceed against Walden by the via exeeutiva, so long as the appeal was pending, for that appeal necessarily revived the injunction. When the petition of appeal was presented to him, the lower judge only required a bond and security in the sum of $250.
“But,” say the court, “it is contended that in order to prevent the bank’s obtaining an order of seizure and sale, by virtue of the mortgage, that is to say, to give effect to and to revive the writ of injunction during the pendency of the cause before this court, the appellant ought to have furnished his appeal bond and security for $300,000, as the security on the injunction bond was only given to secure damages, and not the debt. We can not agree to this proposition ; we conceive that, by obtaining his writ of injunction and furnishing the security required by the judge, Walden became entitled to the protection of the court, and to its interposition so as to prevent the seizure and sale of the property mortgaged as long as the matter in controversy remained undetermined. On the dissolution of the injunction with damages in the court below, he took a regular suspensive appeal, which necessarily had the effect of maintaining the injunction, and of leaving the case, and all the orders under it, in the same state in which they were previous to its being dissolved.” But the court went on to say and to decide that “as the writ applied for is not a writ of right, and as we conceive it is in our power to grant it with such condition as will secure to the party who may suffer by it, a sufficient indemnity for the losses, trouble and delay which it may perhaps unjustly and improperly occasion him to sustain, we think it our duty under the circumstances of the case to require that, before the issuing of the writ of prohibition by him prayed for, the applicant shall file with the clerk of this court his additional bond, in favor of the City Bank, with good and sufficient security m solido for the sum of $75,000, conditioned that he shall pay all such damages as shall have been sustained by the said bank, in case it should be decided that the injunction heretofore obtained has been wrongfully sued out, and illegally and improperly kept in force on the appeal before this court.”
Under the authority of this case we feel justified in saying that the • relator is entitled to a suspensive appeal, and that the bond which he should be required to give is, not the value of the property in dispute, but the damages which may result from the improper issuance of the injunction. These damages would, we think, be covered by an additional bond for five thousand dollars.
It is therefore ordered that the rule be made absolute, and that a suspensive appeal be allowed to the relator upon his furnishing bond and security in the sum of five thousand dollars.