## No. 6348.

### STATE EX REL. L. C. ROUDANEZ ET AL. VS. B. L. LYNCH, JUDGE OF THE SUPERIOR DISTRICT COURT, PARISH OF ORLEANS.

Relators having enjoined the Mayor and Administrators of the city of New Orleans from levying a tax in aid of the New Orleans Pacific Railroad Company, the said company intervened and moved to dissolve the injunction, which was done. On the relators applying for a suspensive appeal it was denied. Thereupon they applied to this court for a mandamus, which was granted and made peremptory. The judge *a quo*, in obedience to the decree of this court, granted a suspensive appeal, but declined to fix a return day and the amount of the bond. Whereupon the relators tendered a bond in the sum of one thousand dollars, conditioned according to law. But the judge *a quo* ordered an additional bond in favor of the intervenor to be filed with the clerk of his court, conditioned that the appellants shall pay such damages as the intervenor may sustain, and ordered that said intervenor appear before him on a fixed day to present his proof as to the probable injury the said intervenor might sustain, and that plaintiffs and appellants be notified to be present at the taking of said testimony.

The judge *a quo* erred. It was his duty to grant a suspensive appeal, fixing a return day and the amount of the bond, in pursuance of the peremptory order of this court, without requiring an additional bond in favor of the intervenor to secure him from damages resulting from the granting of the injunction. There is no law sanctioning such a course.

When the judge granted the injunction, he fixed the bond to cover the damages that might result therefrom. He had no authority to fix other conditions than those prescribed by law in order that the relators might have the constitutional right of appeal. Relators have not enjoined the execution of a mortgage, nor have they restrained the disposition of property. Relators have, by their injunction, merely suspended the execution of a law. There is therefore no reason for a bond for damages other than the one that was given when the injunction issued.

APPLICATION for writs of mandamus and prohibition against the Judge of the Superior District Court, parish of Orleans. *B. R.*

*Forman* and *H. N. Ogden,* for relator. *Kennard, Howe & Prentiss,* for respondent.

WYLY, J. The relators enjoined the mayor and administrators of New Orleans from executing act twenty of the acts of 1876, which authorizes the levy of a tax of one half per cent annually in aid of the New Orleans Pacific Railroad Company to be collected on condition it is sanctioned by a majority of the registered voters, on the ground that said statute is unconstitutional. The railroad company intervened and moved to dissolve the injunction, which was done. Relators then applied for a suspensive appeal, which was denied.

Thereupon they applied to this court for a mandamus, which was granted and rendered peremptory on fifteenth of May. On the sixteenth, when the relators presented to the judge of the Superior District Court this decree, he granted a suspensive appeal, but declined to fix a return day and the amount of the bond. Relators then tendered a bond in the sum of one thousand dollars in favor of the clerk and conditioned according to law.

The judge, however, rendered the following order:

" In granting a suspensive appeal in this case, in compliance with a peremptory mandamus issued by the Honorable Supreme Court, I deem it my duty under the doctrine and action of that court in the case of the State vs. the Judge of the Fifth District Court, 19 La. 167, and also in the recent case of Temple S. Coons vs. the Judge of the Superior District Court, *to require the appellants to file with the clerk of this court their additional bond in favor of the intervenor* with good and sufficient security *in solido, conditioned that said appellants shall pay such damages as the intervenor, the said New Orleans Pacific Railroad Company, may sustain in case it should be decided that the injunction heretofore obtained has been wrongfully sued out* and illegally and unlawfully kept in force. It is therefore ordered that the said intervenor, the New Orleans Pacific Railroad Company, appear before this court on Saturday, the twenty-seventh instant, at 11 a. m. and present their proof as to the probable injury the said company may sustain by the issuance of said injunction and its being kept in force by virtue of said suspensive appeal. It is further ordered that plaintiffs and appellants be notified to be present at the taking of said testimony and to present to the court such evidence as they may have to offer in the premises."

It was the duty of the judge to grant a suspensive appeal fixing a return day and the amount of the bond in pursuance of the peremptory order of this court. There is no law requiring an additional bond in favor of the intervenor to secure him from damages resulting from the granting of the injunction. When the judge granted the injunction he fixed the bond to cover damages resulting therefrom. The judge had

no authority to fix other conditions than those prescribed by law in order that the relators might have the constitutional right of appeal. The cases cited by the judge are not like the one now before the court. Relators have not enjoined the execution of a mortgage nor have they restrained the disposition of property. They have simply enjoined the execution of a statute looking to the enforcement of a tax, on the ground that it is unconstitutional. The collection of the tax is suspended merely by operation of the injunction. No property rights can be destroyed, and we see no reason for a bond for damages other than the one that was given when the injunction issued.

We can not say in advance of a hearing of the cause that the judge erred in issuing the injunction, or that the bond he exacted in this case is not sufficient to cover damages resulting from the injunction. We think the bond of one thousand dollars tendered by relators was suffi-cient and a suspensive appeal should have been granted in a bond for that sum with good and solvent securities.

It is therefore ordered that the mandamus and prohibition herein be made peremptory and perpetual, and that the judge grant relators a suspensive appeal on giving bond in the sum of one thousand dollars with good and sufficient security, and that he fix a return day as re-quired by law. See 20 An. 108, 529.

---

HOWELL, J., *dissenting.* I think the answer of the judge *a quo* shows good grounds why the mandamus should not be made peremptory. The judge has not refused to accept a bond and grant the appeal; but has only fixed a day for hearing evidence on the question of injury or damage that may be caused or may result to appellees by the appeal, which, upon the principle announced in the cases of State ex rel. Walden vs. Judge of the First District Court, 19 La. 167, and State ex rel. Coons vs. Judge of Superior District Court (not reported), he was authorized to do. The bond, of course, to be drawn according to law.

I therefore dissent.

---

MORGAN, J., *dissenting.* We issued an order to the district judge to grant the plaintiffs a suspensive appeal in this case.

In the application for this order we were asked to fix the amount of the bond. This we declined to do. We granted the order with the con-dition that the plaintiffs should furnish a bond conditioned according to law.

The judge has obeyed our mandate. He has granted the appeal. But as to the amount of bond to be given he has postponed action until he should be satisfied, by evidence, what the amount should be. I see

nothing in this of which the plaintiffs have any cause to complain. The judge could have fixed the bond at an arbitrary amount. If he had, the plaintiffs could have applied to us for relief. So they could now if, after hearing testimony; the judge should fix too large an amount. In other words, the exercise of his discretion would be subject to our review. As the case now stands, I do not see why we should interfere.

For these reasons, as well as for those given by Mr. Justice Howell, I think the present application should be dismissed.