EASTERN DIS.
May, 1841.

STATE
vs.
JUDGE OF THE
THIRD DISTRICT.

---

## STATE vs. JUDGE OF THE THIRD DISTRICT.

### AN APPLICATION FOR A MANDAMUS.

The appellant from a judgment dissolving an injunction obtained against an order of seizure and sale, cannot take a suspensive appeal without giving security as in other cases of such appeals. Security for costs is not sufficient.

The article 740 of the Code of Practice is an exception to the rule, requiring security in obtaining an injunction to stay an order of seizure and sale, but only applies to that class of cases.

This is an application for a mandamus to compel the judge of the Third Judicial District holding court in the Parish of East Feliciana, to grant a suspensive appeal, *without giving security* except for costs, from a judgment dissolving an injunction, which one William Dunn had obtained against an order of seizure sued out by Robert Dyer on an act of sale and mortgage of a plantation and 21 slaves, sold by him to the former.

The injunction was originally obtained under the 740th article of the Code of Practice, permitting injunctions to enjoin executory proceedings *without giving security*. The applicant applied for a suspensive appeal under the provisions of this article, supposing appeals to be equally exempt from security, as it was from a judgment in a summary proceeding.

EASTERN DIS.
May, 1841.

STATE
vs.
JUDGE OF THE
THIRD DISTRICT.

*Lawson*, for the applicant, moved the court on filing the petition and affidavit of Dunn praying for the mandamus, for a rule on the judge of the said district to show cause why the mandamus should not issue. The court took the case under consideration.

*Garland, J.* delivered the following opinion of the court.

In the year 1839 Dyer by an authentic act sold Dunn a plantation and 21 slaves, situated in the parish of East Feliciana, for the sum of $21,000, payable in three equal installments. On account of the first payment, between five and six thousand dollars were paid, and the mortgage retained on the land released. In July, 1840, the parties entered into a written agreement to rescind the sale. Dunn was to reconvey the whole estate and account for the hire of the negroes and use of the other property; Dyer was to account for various sums paid to him and others, on his account. The parties met on the 25th of July to conclude the business, but seem to have differed about some things in their settlement, and no conveyance was ever made, or the contract otherwise executed. A few days after, Dyer took out an order of seizure and sale on his mortgage, Dunn enjoined it under the article 739 of the Code of Practice, and says that by article 740 he was not bound to give security, nor was any required of him. Dyer under the article 741 moved to try the case summarily; it was taken up by the court and the injunction dissolved, but in the judgment it is ordered that upon Dunn giving bond and security for $13,500, the injunction shall be re-instated. From this judgment Dunn asked a suspensive appeal, which the judge granted, upon his giving bond and security for $13,500. He now applies to this court for a rule upon the judge of the third district to show cause why a mandamus should not issue, directing him to allow a suspensive appeal, upon his giving bond and security for costs.

*The appellant from a judgment dissolving an injunction obtained against an order of seizure and sale, cannot take a suspensive appeal without giving security as in other cases of such appeals. Security for costs is not sufficient.*

This is the first application of the kind that has been made, and the counsel is unable to cite any law or case that sustains it;

but he urges, that as his client was not bound to give security to obtain the injunction, he is not bound to give it when he takes an appeal, or in other words, that being authorized to go into one court without giving security, he has a right to have his case examined in all others exempt from that burden. We are not prepared to admit this conclusion. The exemption from giving security, granted by the article 740 of the Code of Practice, is an exception to the general rule and cannot be extended beyond the cases specified. The reason of it is, that as the order of seizure and sale is a summary proceeding, some prompt mode of redress should be allowed, to prevent an improper exercise of such power; the injunction, or opposition, more properly speaking, can therefore be filed without security, and a summary investigation take place. The judge then has an opportunity of hearing both parties and correcting any error he may have committed in granting his order on an ex parte application, but when the parties wish to proceed further, we see no reason why the rules of law applicable to other cases should not apply. When the parties are before the court on the petition for an order of seizure and the opposition to it, the issues are joined between them, and then they are entitled to no privileges over other suitors, other than to have a speedy trial of the case.

Another reason why the writ of mandamus is not proper in a case like the present, is that the other party has a deep interest in the question and he will not be before the court. If the appellant chooses to give the security and bring the appellee before us, it is possible he may be entitled to a rule on him to show cause why the bond should not be reduced or cancelled, but in a proceeding against the judge we do not think it should be allowed. Should he not be disposed to adopt this course, the law does not leave him without redress in the ordinary mode.

The application for the rule is therefore rejected with costs.