## No. 6719.

F. C. MALAIN ET AL. VS. THE JUDGE OF THE THIRD JUDICIAL DISTRICT, ET AL.

The bond for a suspensive appeal from a judgment dissolving an injunction, need only be for an amount that shall exceed by one half the damages decreed by the judgment of dissolution, and costs.

An application for a mandamus should be made in the name of the State, but it is not absolutely necessary to do it, when the petition contains substantially what the law requires.

APPLICATION for a mandamus.

Z. T. *Fournet* and R. *De Blanc*, for relators.

Jos. A. *Breaux*, for respondents.

The opinion of the court was delivered by

MANNING, C. J. F. C. Malain and Jasper Gall allege that the first

named had obtained an injunction, restraining the execution of a writ of *fieri facias* against his property, upon a judgment for seven thousand dollars in favor of I. C. Cade, which injunction was dissolved with two hundred dollars damages. Gall was the surety on the injunction bond, and its amount is one thousand dollars.

A suspensive appeal was prayed from this judgment, which was refused by the district judge unless the parties executed an appeal bond exceeding by one half the amount of the original judgment. Afterwards on an allegation, supported by oath, of the absence of the district judge, application was made to the parish judge for the order, which was granted upon the appellants furnishing a bond for fifteen thousand dollars. They refused to give bond for this sum, and applied for a mandamus to compel the judges, or either of them, to grant them a suspensive appeal upon a bond exceeding by one half the judgment for damages and costs. This was granted in the alternative form, and we have now the answers and exceptions of the respondents to the petition of the appellants.

In this petition, it is alleged that a bond for twelve thousand dollars was furnished when the injunction was obtained. This is not true, if the certified copy of the injunction bond, produced by the relators, is a correct one. The amount of that bond is only one thousand dollars. If proper and timely action had been taken by the creditor, whose process was injoined, to set aside the injunction because of the insufficiency in amount of that bond, we should not have refused him relief. But that question is not before us. The creditor submitted without complaint to the issuance of the restraining writ on a bond wholly inadequate to his protection, and went into trial of the injunction. The question now to be answered is, whether the appellant from a judgment dissolving his injunction must give a bond apportioned to the judgment, the execution of which was injoined, or the judgment dissolving the injunction. The injoined judgment was for seven thousand dollars. The judgment of dissolution was for two hundred dollars and costs.

It has been long held that the amount of the judgment of dissolution regulates the amount of the appeal bond. State vs. Judge of 1st District, 19 La. 167. Stackhouse's case, 21 Annual, 152. The relator is therefore entitled to a suspensive appeal from the judgment dissolving his injunction upon executing a bond exceeding by one half the amount of damages adjudged against him and the costs.

The respondents excepted to the form of the application for a mandamus, that it was not made in the name of the State. That would have been more regular, but is not absolutely essential. The writ must necessarily run in that form, and since the petition contains the sub-

Malain vs. Judge of the Third Judicial District.

stantial requisites for obtaining the relief sought, we have concluded after some hesitation to grant it.

It is ordered that the mandamus be made peremptory at the costs of the respondents.

Mr. Justice DeBlanc recuses himself in this case.