## No. 6884.

### LOUIS BAUER vs. LOCHTE & CORDES AND SHERIFF.

The plaintiff is entitled to a suspensive appeal from a judgment dissolving an injunction with damages, on giving a bond for a sum exceeding by one half the amount of the judgment for damages.

The surety on an injunction bond who has, in the decree dissolving the injunction, been condemned in damages *in solido* with his principal, can not be surety on the bond of the appeal from the decree.

APPEAL from the Second Judicial District Court. *Pardee, J.*

*N. Commandeur* for plaintiff and appellant.

*E. N. Whittemore* for defendant and appellee.

#### ON MOTION TO DISMISS.

The opinion of the court was delivered by

MARR, J. Louis Bauer enjoined a writ of seizure and sale, and gave bond with Ignatz Berger as his surety, in the penal sum of $500: On trial, the Injunction was dissolved, with twenty per cent damages, on $1500, the amount enjoined. Bauer took a suspensive appeal from this judgment, and gave bond with two sureties, Catrina Gugenheimer for $200, and Ignatz Berger for the entire amount, $525.

Appellees move to dismiss the appeal on the ground that the bond is insufficient:

1: Because the amount enjoined is $1500, and the judgment dissolving the Injunction is for $300, damages, so that a bond for $2700 would be required:

2: Because the judgment for damages is against Bauer and Ignatz Berger *in solido,* and Berger can not be surety on the appeal bond; because he is a necessary party to the appeal.

FIRST. The plaintiff in Injunction is required to give bond in an amount to be fixed by the court on granting the Injunction. If the Injunction be dissolved, without damages, the plaintiffs would be entitled to a suspensive appeal on giving bond for such sum as the court might fix, sufficient to cover the costs. The appeal does not arrest the seizure:

the Injunction did that; and the Injunction bond is the indemnity to which the defendant must look on the dissolution of the Injunction.

If the Injunction be dissolved with damages, plaintiffs would be entitled to a suspensive appeal on giving bond for a sum exceeding by one half the amount of the judgment for damages.

SECOND. In Bowman vs. Kaufman, decided on the sixth March, the plaintiff in Injunction appealed from a judgment dissolving the Injunction, and condemning him and his surety *in solido,* in damages; and the surety on the Injunction bond, was the surety on the appeal bond. On motion the appeal was dismissed, on the ground that the surety on the Injunction bond, being a necessary party, either as appellant or as appellee, could not be surety on the appeal bond. See also Dumas vs. Mary, 29 An. 809.

The other surety, Catrina Gugenheimer, bound herself only for $200, and the appeal bond is not good and sufficient in law.

The appeal is therefore dismissed.