## No. 8874.

HIBERNIA INSURANCE COMPANY OF NEW ORLEANS vs. FREDERICK A. BLANKS.

In a contract of insurance, the insurer has the right to cancel the policy for non-payment of the premium, and is entitled to recover premiums earned during the time that he carried the risk.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot,* J.

---

*T. Gilmore & Sons* for Plaintiff and Appellee.

*Singleton & Browne* for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. The object of this suit, is to recover the sum of $2924.44, for insurance premiums on a policy on the Steamer "F. A. Blanks," the additional sum of $37.50, for insurance on the Steamer "Tom Parker," and the further sum of $102.03, amount of a promissory note executed by the defendant.

The defence is a general denial, save of the signature to the promissory note, which is admitted, with the denial of any liability therefor.

The judgment below is in favor of plaintiff for the amount of premiums on the insurance of the "Blanks," and for the amount of the promissory note.

Defendant appeals and plaintiff moves for an amendment, so as to cover the amount of premium for the insurance on the "Tom Parker."

The record shows that on the application of J. W. Blanks for F. A. Blanks, the Insurance Company issued a policy on the 20th of December, 1881, for one year, insuring the Steamer F. A. Blanks, for naviga-

tion of the Mississippi and Ohio Rivers, up to forty thousand dollars, at a premium of ten per cent. or four thousand dollars, and for navigation on the Ouachita River for consideration of an additional premium of $1600.

It further appears that on the 28th of June, following, the Company cancelled the policy for non-payment of the premium, and notified the insured of said cancellation. The sum claimed is for the balance of the whole premium of $5,600, after giving credit to the insured for $2,675.56 amount of the unearned premiums.

1. The first point made by appellant is the failure of plaintiff to prove the authority of J. W. Blanks to effect the insurance.

The evidence shows that J. W. Blanks and his brother, the insured, were alternately the masters of the insured vessel, and the whole record teems with evidence, showing that F. A. Blanks fully and unreservedly ratified the contract made in his name by his brother. This ratification is clearly established by his personal application to the Company, under the very policy now repudiated by him, for leave to charter the insured vessel to Capt. T. P. Leathers, to be run in the Vicksburg trade.

This act is in itself an illustration of an unqualified ratification of an *agent's contract made in the name of his principal.*

2. Defendant next contends that, on its face, the policy shows that the premiums have been paid.

The following statement in the policy is the circumstance relied on by defendant for his bold and extraordinary pretension: "And the Insurance Company aforesaid do hereby bind the capital stock, and other common property of said Insurance Company to the assured, his heirs, executors, administrators and assigns, for the true performance of the promises, having received the consideration for this insurance at the rate of ten per cent. net."

We hardly know whether we should treat this point as a serious defence. It is evidently an afterthought, and we feel confident that it was not urged in the lower court.

We are loth to do the injustice to defendant's distinguished counsel to believe that he would have filed a general denial, instead of the plea of payment to a claim of nearly three thousand dollars, which had already been paid by his client.

We find him in the record propounding the following question to a witness for plaintiff: *Under that policy, when was the premium due?*

And in answer to the question, the witness informs us that it was due in six months. Hence, defendant himself offers a clear explanation of the true meaning of the words hereinabove quoted from the policy.

They mean that the consideration received was the promise of the insured to pay the premiums in six months.

The defence is therefore absolutely untenable.

The record contains no evidence on defendant's plea of want of consideration of the note sued upon.

Hence, that defence also fails.

We find sufficient evidence to sustain the claim for insurance on the "Tom Parker," and the judgment must be amended accordingly.

It is, therefore, ordered and decreed that the judgment appealed from be amended so as to increase it to the sum of three thousand and sixty-three 97–100 dollars, and that, as thus amended, said judgment be affirmed at appellant's costs in both Courts.