State ex rel. Irwin vs. Judge

No. 9086.

THE STATE EX REL. EDWARD IRWIN VS. THE JUDGE OF DIVISION
E, CIVIL DISTRICT COURT, PARISH ( F ORLEANS.

Where a party alleging that an order dissolving his injunction on bond will cause him an
irreparable injury, appeals therefrom and perfects his appeal by seasonably executing
and filing his bond, the judge granting the appeal cannot rescind the order therefor
because he subsequently concludes that the injury is not irreparable. With the filing
of the appeal bond, fulfilling all the legal requisites, his jurisdiction and control in such
case over the matter ceased.

APPLICATION for Mandamus.

*T. Gilmore & Sons* for the Relator.

*Bayne & Denégre* for the Respondent.

The opinion of the Court was delivered by

TODD, J.    The relator applies to the Civil District Court of the Parish of Orleans for an injunction against the "Great Southern Telephone and Telegraph Company," to prevent said company from erecting a post and putting wires thereon, in front of his residence.

The preliminary injunction was granted, and subsequently, after the trial of a rule therefor, it was dissolved on bond, the amount thereof being fixed at $2500. From this order a suspensive appeal was applied for to this Court and allowed, on the execution of an appeal bond for $250, with proper security, which bond was seasonably furnished and duly filed.

Subsequently, upon the motion of the company, defendant therein, this order of appeal was rescinded by the district judge.

The relator, under this state of facts, applies to this Court for a writ of mandamus to compel the judge to annul his rescinding order and send up the appeal; and also for a writ of prohibition against him and the company to prevent any proceeding, under the last mentioned order.

We think he is clearly entitled to the relief asked for. The general rule is well settled that, when an order for an appeal is made and the required bond is furnished by the appellant, the court from which the appeal is taken has no longer jurisdiction over the cause. To this rule there are some exceptions, but this case does not come within any of them. We are referred to the case of State *ex rel.* Cientat vs. Judge, 32 A. 816, and the Fairex case, 33 A. 927, as opposed to this view and as maintaining that the judge, after the appeal is perfected, may rescind

the order if he concludes that the case is not appealable.   In neither of the cases cited was the precise point now presented before the Court. In the one case the appeal was taken after the legal delays had expired, and in the other the judgment appealed from was a consent judgment.   It is true that in one of these decisions it is stated that an order of appeal may be set aside by the judge when the case is not appealable, but that evidently referred to cases that were plainly and palpably unappealable, by reason, for instance, of the amount in dispute being insufficient to give jurisdiction to this Court, or because the judgment was a consent judgment, or for other radical cause, and where the order was inadvertently made in the face of such obstacle to the appeal.

Here, the question to be determined touching the applicability of the order was whether the order would cause an irreparable injury, and the granting the appeal, thus involving a mixed question of law and fact, necessarily demanded the exercise of a judicial discretion and rested not upon any extrinsic fact or upon a question of a compliance or non-compliance with any legal requirement, but on the decision of the judge upon the issue presented and which decision constituted a judgment upon that issue; which judgment, when given and pronounced, became irrevocable so far as the judge was concerned, when it was followed by the required formalities to perfect the appeal.   This order of appeal may have been rendered in error, but if so the error was not for the judge granting it to correct, but a matter to be determined by the appellate court.

It is, therefore, ordered that the mandamus and prohibition asked for be made peremptory.