The opinion of the court was delivered by
Parrange, J.
Edward Feibleman and others, composing the commercial firm of E. Feibleman, Sons & Oo., obtained an order of seizure and sale from the judge of the Nineteenth Judicial District Court. O. P. Romero and E. B. Bayard, whose property had been seized under the order, alleging that no authentic evidence had been produced showing the transfer to E. Feibleman, Sons & Oo. of the mortgage note for the satisfaction of which the order of seizure and sale had issued, prayed for a suspensive appeal from the order. They asked that the amount of the appeal bond be fixed. The judge granted the suspensive appeal returnable to this court, at Opelousas, on the first Monday of July, 1894, and he fixed the amount of the appeal bond at a sum considerably less than that required by Art. 575 O. P. Subsequently, and after the delays within which a suspensive appeal can be taken had expired, the plaintiffs in the executory proceedings moved to set aside the appeal on two grounds: that the appeal bond is not good and such as the law requires, and that the sureties are not good and solvent.
The respondent judge, after hearing the parties, dismissed the rule to set aside the appeal. As to the solvency of the sureties he decided that the same was established to his satisfaction. But he did not pass on the question of the sufficiency of the amount of the appeal bond. On that point he said in dismissing the rule:
“By reason of the suspensive appeal taken this court (the Nineteenth Judicial District Court) is divested of all further control over *1428 the case; the Supreme'Court alone has‘power and right to pass upon the sufficiency of the bond as tó its amount,’which is fixed by special provisions of the law. -The law vests this court, however, with the right and power to pass upon the solvency of the sureties, because solvency is a fact to be established or disproved and thus requires evidence, whilst the sufficiency of the amount of the bond being a naked question of law requiring no proof, as it is fixed by law, is to be determined by the Supreme Court, which has exclusive control of the case on appeal.”
In his return the respondent judge says: <£ This rule'(the rule to
dismiss the appeal) was tried and' discharged; the court deciding that it had been divested of jurisdiction to pass upon the bon'd so far as its sufficiency in amount was concerned, but holding that the sureties on the bond were solvent.”
To stay the execution of an order of seizure and sale by suspensive appeal, an appeal bond must be furnished Within the time allowed, in an amount one-half over and above the sum for which the order issued. 22 An. 35; 20 An. 179; 27 An. 707; 30 An. 1041.
An order of seizjire and sale to the sheriff, directing him to seize and sell specific property to pay a specified sum; is unquestionably “fora specific sum within the intendment of Art. 575 C. P. In the case above' cited, 22 An. 35, in which the district judge, after fixing the amount of the suspensive appeal .bond in executory proceedings, at a.sum less than that required by-Art. 575 O. P., rescinded •the order of appeal, this court said.: “ Tp suspend the execution of a judgment for a specific amount, whether it be an order of seizure and sale or.an ordinary judgment, the appeal bond must conform to 575 O. P. (20 An. 179). If the appellant fails to furnish such a bond, within the legal delays, the appellee has the right to proceed with the execution notwithstanding the'appeal. (C. P. 578; 8 R. 186; 5 La. 129; 5 An. 360; 12 An. 175.)’ * . * * Whether that part of the order fixing the amount of the bond in a sum less than that required by law for suspensive appeals was rescinded or not, the appellee was entitled to proceed with the execution of the order of seizure and sale.”
• In the case of State ex rel. Gill vs. Judge, 34 An. 90, this court said that the jurisprudence seems to be now firmly settled that it is only after a suspensive appeal has been obtained and perfected that the 'lower court ceases to have further jurisdiction over the case,, and *1429 that the door has always been wisely left open for the determination by the court of the first instance of the question whether the judgment suspensively appealed from shall not be executed, either because the case is unappealable, or because no bond has been furnished, or because that furnished is insufficient or because the surety does not possess the required qualifications. See the authorities cited in the case referred to.
In the same case this court distinctly said: “ Whex*e such bond (i. e. a bond for a suspensive appeal) is insufficient an appellee has two remedies, either to move for a dismissal of the appeal in the appellate court, or for the execution of the judgment appealed from in the court of the first instance. Where he resorts to the first remedy the matter becomes finally adjudicated upon by the superior tribunal. Where he employs the, second remedy the action of the inferior court is revisable either on appeal, or on application for remedial process.”
In the instant case the relators, who are the plaintiffs in the executory proceedings, have elected to apply for remedial process.
The learned counsel for the respondent judge pretermit in their brief the discussion of the question whether the bond is an amount sufficient to sustain a suspensive appeal, and their efforts are devoted to the task of showing that this is not a case in which the relief asked for by relators can be granted to them under their application for remedial process. Relators have applied for writs of certiorari and mandamus. They could not have asked for the writ of prohibition under their theory that the matter complained of is still in the lower court.
If the contention of the counsel for the respondent judge be correct, it would seem that the matter presented would be one beyond the reach of any remedial process from this court. But we need not, in order to decide the issues presented, determine whether we have the power, under proceedings such as these, to order the undoing of unlawful acts. It would seem clear, however, that if a judge does an act which is void in law his subsequent affirmance of the void act amounts to naught.
In this case the district judge fixed the amount of the appeal bond in a sum which the law declares to be insufficient to sustain a suspensive appeal. His act was void for the purpose intended. Subsequently, after hearing the parties, he did not affirm his action, *1430 bat simply declined to act, under the mistaken belief that the matter was no longer before him. In this he clearly erred. The matter was before him. On having the insufficiency of the bond called to his attention, he should have dismissed the suspensive appeal. The matter did not involve any exercise of judicial discretion. The failure of the defendants in the executory proceedings to furnish a bond sufficient to sustain a suspensive appeal, invested the relators with the legal right to an execution, of which they can not be deprived, under the circumstances of this case, without a denial of justice.
The two cases mainly relied on by the counsel for the respondent judge in no wise conflict with our views as herein expressed.
In the case of State ex rel. Dodeman vs. Judge, 14 An. 60, the relator sought to have the writ of mandamus issue to compel the judge of the lower court to rescind an order for a suspensive appeal, from a judgment which the relator contended had been rendered on the judicial admissions and confessions of the appellant, and which judgment the relator claimed was therefore unappealable. That ease involved a matter of judgment and opinion which this court said could well await decision on the appeal which had been taken to this court.
In the case of State ex rel. Forsythe & Robertson vs. Judge, 42 An. 1104, this court refused to compel the lower judge to rescind an order for a suspensive appeal, because he had not in any of the proceedings transcended the bounds of his jurisdiction or of judicial power.
The relators are clearly entitled to the relief they have applied for.
It is therefore ordered that the appeal bond in this case is hereby declared to be insufficient, null and void for the purpose of sustaining the suspensive appeal from the order of seizure and sale issued in this case. It is further ordered that the judge of the Nineteenth Judicial District Court try anew, according to law, the rule taken by the relators to obtain the dismissal of said suspensive appeal; and the writ of mandamus herein is hereby made peremptory!
Rehearing refused.