(55 South. 660.)

No. 18,882.

ROBERSON v. GOLDSMITH et al.

In re GOLDSMITH et al.

(June 5, 1911. Application for Rehearing June 26, 1911.)

(Syllabus by the Court.)

1. APPEAL AND ERROR (§§ 382, 455*)—DISMISSAL—INSUFFICIENCY OF BOND IN AMOUNT.

Where an injunction for the issuance of which a bond has been given is dissolved by a judgment which condemns no one for a specific amount, a bond for costs, the amount of which should be fixed by the judge, is sufficient for an appeal; and when such bond, conditioned and with surety as required by law, has been filed, the appeal is perfected, the jurisdiction of the appellate court attaches, and the trial court is without jurisdiction to dismiss the appeal on the ground that the appeal bond is insufficient in amount.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. §§ 382, 455.*]

2. PROHIBITION (§ 17*)—WHEN WRIT ALLOWED—PLEA TO THE JURISDICTION.

A plea to the jurisdiction of the trial court should be filed and overruled as a condition precedent to an application to this court for the writ of prohibition.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 66; Dec. Dig. § 17.*]

Action by William E. Roberson against Mrs. Mary C. Goldsmith and others. Judgment for plaintiff, and defendants appeal. Appeal dismissed, and they apply for writ of prohibition. Civil District Court, Parish of Orleans. Writ granted.

See, also, 125 La. 571, 51 South. 646.

B. R. Forman, for relators. Benjamin Ory, J. C. Henriques, and M. S. Dreifus, for respondents.

MONROE, J. Plaintiff having applied for a writ of seizure and sale on a mortgage note for $1,200, Mrs. Goldsmith (formerly Mrs. Tilton), as tutrix of the minor, Pearl Tilton, and Mrs. Coulter (aided by her husband), intervened and obtained an injunction on a bond of $250, alleging that the minor owned five-eighth interest in the property and Mrs. Coulter one-eighth, and praying that they be recognized as owners to the extent stated, or as mortgagees, to be paid by preference. After trial the intervention was dismissed, and the injunction dissolved, but there was no moneyed judgment against the interveners, and they were allowed an appeal on a bond for $50; the amount of the bond and the return day of the appeal having been fixed by the court. Thereafter the appellants were ruled to show cause why the appeal should not be dismissed on the grounds that the surety was not good, and that the bond was insufficient in amount, and the appeal was dismissed, on the ground last stated; the judge a quo saying in his reasons for judgment:

"The surety on the bond is good and solvent, but the bond is insufficient. The appellant from a judgment dissolving an injunction obtained against an order of seizure and sale cannot take

a suspensive appeal without giving security as in other cases. State ex rel. Feibleman & Sons v. Judge, 45 La. Ann. 1426 [14 South. 428]; [State v. Judge] 18 La. 444."

[1] In the case of State v. Judge, 18 La. 444 (last above cited), an injunction was obtained, without bond, under Code Prac. art. 739, and it was held that, though one may obtain an injunction without bond on alleging some reason specified in that article, one cannot maintain such injunction by appeal to another court without giving bond as in other cases.

In State v. Judge, 19 La. 167, a writ of seizure and sale was enjoined on plaintiffs giving bond, and, the plaintiff being nonsuited, it was held that he was entitled to a suspensive appeal on giving a bond for costs.

In State ex rel. Stackhouse v. Zuntz, 21 La. Ann. 152, relators had enjoined a seizure and sale on giving bond, and, upon the dissolution of the injunction, were condemned to pay damages and interest to the amount of $13,300, with costs. The district court held that, in order to take a suspensive appeal, they must give bond for an amount exceeding by one-half the amount for which the seizure had been made, but this court said:

"The only question is whether or not the relators are entitled to a suspensive appeal on the bond furnished by them; and here it is pertinent to inquire from what judgment the appeal is taken. Certainly not from the order of seizure and sale. It is only from the judgment rendered in the injunction suit. This judgment dissolves the injunction, and condemns the relators, plaintiffs in injunction, to pay $13,300 and costs, and for a suspensive appeal therefrom a bond for an amount exceeding by one half such sum is, by article 575, Code Prac., sufficient, if taken in time."

See, also, State ex rel. Carlon v. Judge, 28 La. Ann. 877; Malain v. Judge, 29 La. Ann. 793; State ex. rel. Durand v. Judge, 30 La. Ann. 285; State ex rel. Williamson v. Judge, 30 La. Ann. 315; Bauer v. Lochte, 30 La. Ann. 685; Stafford v. Renshaw, 33 La. Ann. 444; Hart v. Judge, 34 La. Ann.

1210; State ex rel. Aymar v. Judge, 35 La. Ann. 1175; State ex rel. Vial v. Judge, 36 La. Ann. 910; State ex rel. Hake v. Judge, 52 La. Ann. 108, 26 South. 769.

In the case of State ex rel. Feibleman & Sons v. Judge, 45 La. Ann. 1426, 14 South. 428 (to which respondent refers), the relators had applied for an appeal directly from an order of seizure and sale, which was held to be a judgment "for a specific sum," within the meaning of Code Prac. art. 575, which article, in such cases, fixed the amount of the bond to be given for the suspensive appeal, leaving nothing to the judge, save the power to determine whether a bond for the amount so fixed and otherwise conditioned as the law requires has been given. In the case at bar the judgment appealed from merely dissolved an injunction, with costs, and condemned no one for a specific amount. It was therefore within the province of the judge to fix the amount of the bond required for the appeal, which he did, and, the appellants having furnished a bond for the amount so fixed and otherwise conditioned as the law requires, the appeal was perfected, the appellate jurisdiction of this court attached, and the jurisdiction of the trial court was devested. State ex rel. Gill v. Tissot, Judge, 34 La. Ann. 93; Barrow v. Clack, 45 La. Ann. 478, 12 South. 631; State ex rel. Forsythe & Robertson v. Judge, 42 La. Ann. 1109, 8 South. 305; State ex rel. Railroad Co. v. Judge, 39 La. Ann. 774, 2 South. 390; State ex rel. Irwin v. Judge, 36 La. Ann. 192.

[2] The respondent judge says in his return:

"That relators made no objection or filed no plea to the jurisdiction of the district court to dismiss the appeal on the ground stated, and hence are not entitled to the writ prayed for."

And in that position he is sustained by a well-established jurisprudence. State ex rel. Larieux v. Judge, 29 La. Ann. 806; State ex rel. Morgan R. R. Co. v. Judge, 37 La.

Ann. 845; State ex rel. Girardey v. Steele, 38 La. Ann. 569; State ex rel. Le Blanc & Richard v. Justice of the Peace, 41 La. Ann. 908, 6 South. 807; State ex rel. Baker v. Judge, 43 La. Ann. 1119, 10 South. 179; State ex rel. Aucoin v. Board, 113 La. 429, 37 South. 16.

It is true that respondent has already acted, but there is nothing to prevent his reconsidering the action taken by him and reinstating the status quo upon an application to that effect.

It is therefore ordered, adjudged, and decreed that this application be dismissed, at the cost of the applicants, without prejudice to their right to renew it, in the event that the trial judge upon having the question presented to him should maintain jurisdiction in the premises.

### Application for Rehearing.

SOMMERVILLE, J. In the opinion of the court the original return of the respondent judge only was referred to and considered. In his supplemental return, the judge says:

"Now comes the undersigned judge of the civil district court and for amendment to his answer herein shows the court that, while it is true that no written plea was filed on the trial of the rule to dismiss the appeal, Mr. B. R. Forman, attorney for appellant and defendant in rule, did orally urge that the court had no jurisdiction after the bond was filed to do anything but test the surety on the appeal bond, and, the surety having been admitted to be solvent, the only question discussed or decided was whether or not the appellant should have given bond in a sum exceeding by one-half the amount of the writ of seizure and sale in the executory process, or a bond for costs.

"The ground that there was no plea to the jurisdiction is made in my original return through inadvertence. I did not notice it when my return was prepared, and handed to me for signature."

Under these circumstances the writ of prohibition will issue.

It is therefore ordered, adjudged, and decreed that a writ of prohibition issue herein, directed to Hon. F. D. King, Judge of the Civil District Court for the Parish of Orleans, prohibiting him from ordering the execution of the judgment signed April 7, 1911, from which an appeal has been taken to this court, in the case of William E. Roberson v. Mary C. Goldsmith et al., No. 91,142, on the docket of said court, until the further order of this court.