O’NIELL, J.
The question presented for decision is whether the amount of the bond required for a suspensive appeal from a judgment dissolving an ordinary injunction, for which plaintiff had given bond, restraining an order of seizure and sale in executory proceedings, is fixed by law at 50 per cent. more than the sum claimed in the executory proceedings, or must be fixed by the trial judge in each case.
Morris J. Samuels and others, plaintiffs in executory proceedings, obtained an order of seizure and sale of the property of the Interstate Oil, Gas & Development Company, on mortgage notes amounting to $8,900, bearing 7 per cent, interest and 10 per cent, attorneys’ fees. The receivers of the defendant corporation, who had been appointed on the day before the foreclosure proceedings were instituted, obtained a writ of injunction, on a bond fixed by the judge at $2,500, in a separate suit against the sheriff and the plaintiffs in the executory proceedings, arresting the foreclosure of the mortgage. On trial of the injunction suit, on its merits, on a plea of estoppel filed by the defendants in that suit, and on their reconventional demand tor damages for the issuance of the writ, judgment was rendered in favor of the defendants, dissolving the injunction and condemning the plaintiffs to pay $1,000 damages for having obtained the writ illegally. The plaintiffs in the injunction suit. asked for and were granted a suspensive appeal from the judgment. In his order of appeal, the judge fixed the amount of the appeal bond at $4,500; and it was furnished promptly by the appellants. The defendants in the injunction suit then filed a motion in the district court, suggesting that the amount of the bond required for a suspensive appeal in such cases was fixed by law at a sum exceeding by'one-half the sum claimed in the executory proceedings, and asking that the appeal be dismissed, or the order of appeal revoked, for insufficiency in the amount of the bond. The judge refused to dismiss the appeal or to revoke his order of appeal, but ordered the appellants to' furnish a new appeal bond, for an amount exceeding by one-half the sum claimed in the executory proceedings.
*1065 The appellants, relators in this proceeding, pray that the district judge be prohibited from requiring a new or an additional appeal bond, and that he be compelled by mandamus to let the appeal stand on the bond fixed by him.
It is not disputed that the amount of the bond furnished in this case is sufficient for a suspensive appeal, if the district judge had authority to fix the amount; that is, if the law does not require a bond for an amount exceeding by one-half the sum claimed in the executory proceedings.
Article 575 of the Code of Practice' provides that, in order for an appeal to stay execution and all further proceedings until definitive judgment be rendered on the appeal, the appeal bond must be for a sum exceeding by one-half the amount for which the judgment was given, if it was for a specific sum of money. In other cases, the amount of the bond is fixed by the judge in his order of appeal, according to rules established elsewhere in the Code.
The judgment appealed from, besides being a decree of dissolution of the injunction, is for a specific sum, $1,000. The appeal bond required by the judge, $4,500, is sufficient to suspend execution of the judgment for $1,000 and to answer for costs and damages to the amount of $3,000 more.
If the appellants, as defendants in the ex-ecutory proceedings, had appealed from the order of seizure and sale, they would have been required to give bond for an amount exceeding by one-half the sum claimed by the plaintiffs in the executory proceedings, to suspend execution of the order of seizure and sale. That is well settled by the jurisprudence of this court. And it ought to be so, because, in some respects, an order of seizure and sale is like a judgment; it becomes final if not appealed from within 10 days after service of the notice to pay; and the right of appeal from such an order is very limited, being confined to the question of sufficiency of the authentic evidence on which the fiat issued. See Borah & Lauden v. O’Niell, 121 La. 752, 46 South. 794, and decisions there cited. But the situation is altogether different when, as in this case, an appeal is taken from a judgment dissolving an injunction that issued on bond in an prdinary suit.' In such case, execution of the order of seizure and sale is already suspended by the writ of injunction. The injunction bond is deemed sufficient to secure whatever damages thel defendants in the injunction suit may have suffered if it be found that the writ was obtained illegally. Be that as it may, an appeal from a judgment dissolving a writ of injunction in an ordinary suit, restraining an order of seizure and sale in executory proceedings, is not an appeal from the order of seizure and sale; and the amount of the appeal bond is not determined by the amount claimed in the executory proceedings. The jurisprudence on that subject is quite consistent, though there may be some conflict in the rulings regarding an appeal from a judgment dissolving an injunction that issued without bond, under articles 739 and 740 of the Code of Practice. See State v. Judge, 19 La. 167; State ex rel. Stackhouse v. Judge, 21 La. Ann. 152; Malain v. Judge, 29 La. Ann. 793; Bauer v. Lochte & Cordes, 30 La. Ann. 685; Hart v. Lazarus, 34 La. Ann. 1210; State ex rel. Cain & Burke v. King, Judge, 40 La. Ann. 841, 6 South. 108; Gleason v. Wisdom, 120 La. 634, 45 South. 531.
The district judge in his return on the rule herein, refers to the decision in Interstate Trust & Banking Co. v. Powell Bros. & Sanders, 124 La. 624, 50 South. 605, as holding that, when an injunction against an order of seizure and sale is dissolved, the foreclosure may proceed unless a suspensive appeal is taken from the order of seizure and sale, on a bond for an amount exceeding by *1067 one-half the sum claimed in the executory proceedings. In that case, however, the defendant in the executory proceedings did not obtain or ask for an injunction, but, without tendering bond, merely obtained a rule on the plaintiff to show cause why the order of seizure and sale should not be set aside. The judge issued a temporary restraining order, without requiring bond, and, after trial of, the rule, revoked the restraining order. The defendant asked for a suspeqgive appeal, such as would keep the restraining order in force and thereby suspend execution of the order of seizure and sale, on a bond sufficient only to secure the costs of court. The appeal was asked for in the executory proceedings and would have had the effect of an appeal from the order of seizure and sale. Hence it was held that the appellant should have given bond for an amount exceeding by one-half the sum claimed in the executory proceedings, to suspend execution of the order of seizure and sale.
Our conclusion being that the relators are entitled to the relief prayed for, it is ordered that the district judge be prohibited from requiring a new or an additional appeal bond. The costs of these proceedings are to be borne by the appellees, defendants in the injunction suit.
PROVOSTY, J., absent on account of illness, takes no part.