O’NIELL, J.
The question presented in this proceeding is whether a district judge, after having dissolved a writ of injunction on the face of the pleadings, retains authority to require that the plaintiff in the injunction suit shall furnish an additional bond to secure the defendant against any damages that may be occasioned by the writ of injunction pending a suspensive appeal from the judgment dissolving the writ. By suspensive appeal we mean an appeal that would maintain the injunction in force without compliance with the order to furnish an additional appeal bond.
The proceedings that gave rise to this appeal to our supervisory jurisdiction are set forth in the relators’ petition and in the answer of the respondent judge of the civil district court. The relators, as residents and taxpayers of the parish of St. Tammany, and being therefore interested in the construction and completion of a contemplated highway to be known as the Chef Menteur road, brought suit against the state highway engineer and the president of the board of state engineers, to prevent by injunction the construction of a section of what is known as the Hammond-New Orleans road, without first having constructed and completed the Chef Menteur road and all necessary bridges therefor, or without having first set aside a sufficient amount for the construction of that road out of a fund provided for the construction of both roads. The suit was founded upon section 6 of Act 18 of the extra session of the Legislature of 1918, which statute was' approved as a constitutional amendment in the November election of that year. The section in question reads as follows:
“Sec. 6. Be it further enacted, etc., that the proceeds of the sale of all bonds, notes or certificates of indebtedness issued hereunder shall be used first to pay for the construction and completion of the Chef Menteur road and bridges in the parishes of Orleans and St. Tammany, state of Louisiana, and second, on and after reserving and setting aside the amount necessary to pay for the completion of the Chef Menteur road and for building all necessary bridges therefor, to pay for the construction of the said public highway from Hammond to New Orleans, and the building of all necessary bridges therefor.”
The constitutional amendment provided a fund of $700,000 for the construction of both roads. The relators, as plaintiffs in the injunction suit, prayed for a preliminary writ of injunction, restraining the board of state highway engineers from carrying out a contract entered into with one T. G. Womack, for the expenditure of $59,541.08, plus 10 per cent, for contingencies for the construction of a part of the Hammond-New Orleans road. The petition was presented to Judge Fred D. King, presiding over division B of *741 the civil district court, and he signed an order granting the preliminary injunction on a bond of $2,000, which was promptly furnished by the plaintiffs, and the writ was issued. The suit was, on the next day, allotted to division A of the civil district court, presided over by Judge Hugh G. Cage. Thereafter the defendants filed a motion to dissolve the writ of injunction on the face of the pleadings, on the ground that the petition did not disclose a cause or right of action for the issuance of the writ. The motion to dissolve was in due course taken up and heard, and a judgment was rendered, dissolving the writ of injunction, without awarding any damages, but reserving to the defendants the right thereafter to sue for whatever damages they might have suffered on account of the wrongful issuance of the writ. Two days after the judgment was signed, the defendants in the injunction suit filed a motion, alleging that they were informed that the plaintiffs intended to take a suspensive appeal from the judgment dissolving the writ, and that the bond of $2,000 was inadequate and insufficient to protect the defendants against damages pending such appeal. They made further allegations, showing that the bond should be increased to $150,000. The plaintiffs in the injunction suit had accepted service on the motion to increase the injunction bond the day before it was filed; that is, on the next day after the judgment had been signed, dissolving the writ. On the same day on which the motion to increase the bond was filed, the plaintiffs filed a motion for a suspensive appeal from the judgment dissolving the writ, and prayed that the appeal bond be fixed at an amount sufficient merely to pay the costs of court. The judge declined to grant the order of appeal until he had heard and decided the motion to increase the injunction bond, which he ordered set down for trial on the next following day. On that day the plaintiffs objected to the trial of the rule on the ground that the notice required by the rules of court had not been given, whereupon the court set the rule down for trial several days later. On the day set for trial of the rule or motion to increase the injunction bond, the plaintiffs in the suit filed an exception of no cause or right of action for an increase of the bond. Their contention was: First, that the judge had no authority to increase the injunction bond after having rendered a judgment dissolving the writ on the face of the pleadings; and, second, that the defendants'were estopped from complaining that the bond was insufficient after having submitted to the court a motion to dissolve the injunction on the face of the papers, without complaining of the amount of the bond. After hearing arguments upon these objections or exceptions, the judge overruled them, and proceeded to hear evidence in support of the motion to increase the injunction bond. The evidence was all objected to by the plaintiffs in the injunction suit, on the ground that the evidence pertained to the merits of the case. These objections were overruled, and, after hearing the evidence and the arguments of counsel, the judge ordered that the injunction bond should be increased, or rather that the plaintiffs should furnish an additional injunction bond in the sum of $130,000, within 10 days, in default of which the injunction would be dissolved and set aside. The judge then immediately granted an order of appeal from the judgment dissolving the writ of injunction on the face of the papers, and fixed the appeal bond at $200 to secure 'the costs of court. On the next morning, as soon as court had convened, the plaintiffs tendered a suspensive appeal bond, with solvent surety, for the sum of $200, to cover the costs of court, and asked for an order for a suspensive appeal from the judgment dissolving the writ of injunction on the face of the papers. The *743 judge thereupon wrote the following order upon the face of the bond, viz.:
“The court adheres to the original order, viz. that the granting of a suspensive appeal in this case is conditioned on the furnishing of an additional injunction bond in the sum of $130,000, as well as an appeal bond in the sum of $200. The suspensive appeal is therefore refused on the furnishing of this bond alone.
“New Orleans, March 23, 1920.
[Signed] H. O. Cage, Judge.”
Thereupon the plaintiffs gave notice of their intention to apply to this court for a writ of mandamus to compel the granting of a suspensive appeal on a bond of $200, and for a writ of prohibition, to prohibit the judge from making the furnishing of the additional injunction bond a condition precedent to the granting of the suspensive appeal.
In answer to the rule to show cause why the relief prayed for by the relators should not be granted, the judge of the civil district Court explains that his reason for requiring that the additional injunction bond should be furnished before the appeal could be taken was that the effect of the appeal would be to take the case out of his jurisdiction, and thereby divest him of authority to increase the injunction bond. Whether the additional injunction bond required by the respondent judge is excessive is not before us for decision. The question presented is whether the judge had the authority to make the furnishing of an additional injunction bond a condition precedent to the granting of a suspensive appeal on a bond for costs.
[1-3] The only bond required by law for a suspensive appeal from a judgment dissolving a writ of injunction on the face of the papers is a bond for an amount sufficient to pay the costs of court. See Parks et al. v. Hughes, Sheriff, et al., 143 La. 1063, 79 South. 861, and the list of decisions there cited. The judge could not, and in this case he did not, require the plaintiffs to furnish an appeal bond to secure the defendants against any damages that might be suffered pending the appeal. In a sense it may be said that the judge could not make the giving of an additional injunction bond a condition precedent to the plaintiffs’ right to a suspensive appeal on a bond for costs. But the plaintiffs were in no better position, with regard to the right of the judge to increase the injunction bond, after the judge had dissolved the writ of injunction on the face of the papers, than the plaintiffs would have been if the injunction had not been so dissolved. The effect of the suspensive appeal would have been to maintain the status quo; that is, to keep the injunction in full force, subject, however, to the right of the judge to increase the bond if it was insufficient. Whether the judge would have had that right after having allowed the suspensive appeal is a matter which we are not called upon now to decide. He adopted the safe course in order to avoid any doubt as to whether he had jurisdiction to order that the injunction- bond should be increased. There is no doubt, and it is not disputed, that the judge had authority to require that the plaintiffs should furnish an additional injunction bond, if the bond originally required was found to be insufficient, at any time before the judgment was rendered, dissolving the writ on the face of the papers. And there is sound reason why a judge should have authority to increase the injunction bond when he has ordered the writ dissolved on the face of the papers, and the plaintiffs have asked for a suspensive appeal from the judgment. The reason why a bond for costs is sufficient for an appeal from a judgment dissolving a writ of injunction on the face of the papers is that the injunction bond is presumed to be sufficient to secure all damages which the defendant may suffer as a result of the injunction. That reason vanishes when it develops that the injunction bond is not sufficient to protect the defendant against such damages as may result from a continuance of the injunction in force pend *745 ing a suspensive appeal. In such case, therefore, the suspensive appeal should not have the effect of depriving the judge of his discretion to order an additional injunction bond to protect the defendant against damages that may result from a continuance of the injunction in force pending the appeal. Under these circumstances the respondent judge did not abuse his authority or discretion in requiring that the plaintiffs should furnish an additional injunction bond within the time specified, in default of which their injunction should be dissolved. If the plaintiffs should fail to comply with the order, the injunction would be dissolved, not by virtue of the judgment dissolving the writ on the face of the papers, but by virtue of the subsequent order requiring the additional injunction bond. There is nothing inconsistent in the two orders, the one dissolving *the writ on the face of the papers and the other requiring that the plaintiffs should furnish an additional injunction bond while the question of correctness of the first order is pending on appeal. If, on the appeal from the judgment dissolving the writ on the face of the papers, the judgment should be affirmed, the writ will then be dissolved, not because of insufficiency in the injunction bond, but because the plaintiffs would not be entitled to the writ on the face of their pleadings. If, on the other hand, the judgment dissolving the injunction on the face of the papers should be reversed, the injunction will remain in full force; but there is no reason why the plaintiffs should, in that event, be allowed an injunction on an insufficient bond.
The effect of the ruling complained of, denying the plaintiffs a suspensive appeal until and unless they should furnish an additional injunction bond, was merely to deny the plaintiffs a right to suspend execution of the judgment in the sense of depriving the district judge of his authority to increase the injunction bond pending the appeal. It may be said that the judge’s order, making the furnishing of an additional injunction bond a condition precedent to the plaintiffs’ right to a suspensive appeal, was not literally correct. But we are dealing not so much with the precise language as with the substance and effect of the order. The meaning of it was that the plaintiffs should not be allowed to suspend execution of the judgment dissolving the writ of injunction, in the sense of depriving the judge of his authority to increase the injunction bond, pending the appeal. It was a wise precaution, and in no manner harmful, for the judge to exercise his authority to increase the injunction bond before allowing the case to be taken out of his jurisdiction by a suspensive appeal.
The alternative writs issued herein are recalled, and the relief prayed for by the relators is denied at their cost.
See dissenting opinion of MONROE, O. J., 85 South. 892.