HARRY S. KAUFMAN v. WM. MAHEN, Appellant

(June 8, 1925, Opinion and Decree.)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Courts—Par. 89; Reconvention—Par. 18.**

The City Courts have no jurisdiction of a reconventional demand for money exceeding three hundred dollars.

2. **Louisiana Digest—Evidence—Par. 349.**

The testimony in this case establishes that a solicitor of insurance bringing his business to an insurance agent is liable personally to the agent for the premiums.

Appeal from the First City Court, Hon. Hy. Renshaw, Judge.

This is a suit for an accounting.

There was a reconventional demand.

There was judgment for plaintiff dismissing the reconventional demand.

The defendant appealed.

Judgment affirmed.

Merrick & Schwarz, M. B. Redmann, attorneys for plaintiff, appellee.

J. C. Hollingsworth, Samuel J. Tenant, Jr., attorneys for defendant, appellant.

CLAIBORNE, J. This is a suit for an accounting.

The plaintiff alleged that the defendant was in its employ soliciting insurance; that he procured certain insurance for which outstanding premiums have not been collected and which are due and owing by the defendant to the plaintiff to the amount of $115 as appears by the detailed account annexed; that the defendant is also indebted unto the plaintiff in the sum of one hundred and fifty dollars for money advanced to him which he has failed to return.

The defense is somewhat clouded by exceptions of vagueness, no cause or right of action, and others, and by a seven-page typewritten answer. We extract from it however the following defense.

That the defendant is not indebted to the plaintiff; that on October 25th, 1920, he entered into a written contract with the plaintiff; that he did write insurance for various parties, but he denies that the list annexed to the petition is a correct statement; that he was employed on a monthly salary and commission to solicit insurance on his own behalf, and to place it through the office of the plaintiff; and he was to be allowed for said business a certain commission, and that all of said business should be exclusively of the defendant or the renewal thereof and not the business of the plaintiff; that the agreement of October 20th, 1920, contains the contract between them, not controlled by custom or usage; that prior to employment by plaintiff, defendant had been engaged in the insurance business and had built up a large clientele of assured who were the sole clients of defendant and produced a commission to him irrespective of whatever office he was connected with; that all of said insurance and the renewals of all policies were the sole property of this defendant who had agreed to solicit business and to place the same through the agency of the plaintiff who was to pay the defendant a salary of not less than $150 per month, and for any excess of business that exceeded in premiums produced the sum of $2,800 an additional amount, and that all of said business was the sole business of defendant; that during his employment he procured large quantities of business and produced in premiums more than the amount of $2,800; that during the course of defendant's employment the plaintiff refused to give defendant credit for business written by him and by the assured forming his clientele; that as soon as any insurance was solicited by defendant and the policies issued through plaintiff's office, the plaintiff did personally charge up the premiums directly against the assured and not against defendant and that the plaintiff prepared bills on their billheads addressed to the assured, showing that the assured owed the money to the plaintiff and not to the defendant; that it was the consideration for the contract of employment that the business of the plaintiff and the clientele of the defendant should not be interfered with by plaintiff or defendant and that no attempt should be made by either party to change the insurance from the plaintiff to the defendant or vice versa; that the plaintiff both during the contract and after its termination collected large amounts of premiums from parties whose policies had been solicited by the defendant, the collection of said premiums as premiums due by the said insured to the plaintiff, and not to the defendant; that notwithstanding a rule of insurance that all business solicited by a solicitor and all renewals are exclusively the property of the party insuring, the plaintiff solicited from defendant's clientele renewals of policies secured by defendant during and prior to his employment with plaintiff; that the action of the plaintiff in failing to account to defendant for policies written of the clientele of defendant and the claims of the plaintiff to all the commission on the business written and renewed by defendant's clientele breach the contract between the plaintiff and the defendant and made it necessary for defendant to remove from plaintiff's office.

And assuming the character of plaintiff in reconvention defendant alleges that by the above acts and by solicitation of defendant's business and by trying to convert it to himself, the plaintiff caused the defendant to expend large amounts of time,

labor and expense in getting back his business which was his personal property, which he estimates at $1,000.

Defendant prayed that plaintiff's demand be rejected and for judgment in reconvention in his favor for $1,000.

There was judgment for plaintiff dismissing the reconventional demand. The defendant appealed. p. 9.

At the inception of the trial the plaintiff excepted to the jurisdiction of the City Courts to entertain the reconventional demand for $1,000 on the ground that it exceeded the jurisdiction of the City Court which is limited to money demands "not exceeding $300", Const. 1921, p. 65. (Sec. 91, Art. VII—Editor's note.)

The exception was maintained and we think properly. A reconventional demand does not follow the jurisdiction of the main demand in the courts of original jurisdiction; it is only "in all cases where there is an appeal from the judgment in a reconventional or other incidental demand, the appeal shall lie to the court having jurisdiction of the main demand". Const. p. 35 Sec. 1 (Section 1 Art. VII Editor's note.)

There are three issues presented in this case:   1st Is defendant liable for the premiums on policies obtained by him; and 2nd for the $150 advanced to him; and 3rd is the plaintiff liable for soliciting policies or renewals from assured who had previously done business with defendant.

The contract dated October 20, 1920, reads as follows:

"The agent (William Mahen) agrees to devote his entire time and attention to soliciting, developing, and promoting the Insurance business for the agency (Harry S. Kaufman, Ltd.) of which he is to receive a stipulated salary of $150 per month. The agent is to receive a further consideration, to be figured as follows: At the expiration of every three months, should this contract be in full force and effect, and the premiums produced by the said agent, exceed $2,800, on all Fire business in excess of this amount said agent is to receive a further allowance of ten per cent and on all casualty business fifteen per cent and, etc."

No part of the contract specifies that the solicitor shall be liable for the premiums.

The plaintiff testifies that the custom in relation to that liability in his office and elsewhere is as follows:

"We give a solicitor 60 days in which to pay the premiums. If he does not collect a premium within that time he may return the policy and cancel it flat; in other words, there is no charge. If he exceeds that time he is personally responsible for the premiums."

He had that understanding with the defendant. He had two accounts with the defendant: one a commission account and one a premium account. These premiums are charged to the solicitor's account.

Mrs. J. R. Strauss, solicitor for the plaintiff for the last five or six years, testified to the same effect; that she is personally responsible for every amount she puts on the books; that she has 60 days to cancel the policy she writes up; but that after that she is responsible for each charge she puts on the books, and that she has paid many premiums which assured did not pay.

Maurice J. Hartson, President of the local insurance exchange, testifies to the same custom and that the solicitor is responsible for the premium.

"If it was the solicitor's business he was liable and if it was the agent's business he was not."

R. S. Soniat testifies to the same effect.

George Hammer testifies as to the balance due by the defendant for premiums $118.64 and $150 advanced on commission to be earned and which were never earned.

There is no testimony to the contrary.

The defendant does not deny the custom testified to by the above witnesses. But he attempts to escape the force of it by making a distinction between one employed on a salary and a commission and a solicitor paid by commissions only. In the first case the business belongs to the employer and the solicitor does not owe the premiums; in the second case the business is the property of the solicitor and then he owes the premium. But the defendant has alleged and reiterated, ad nauseam, in his answer that all the business he solicited was his, and claimed damages from the plaintiff for attempting in interfere with it.

Defendant would shift the responsibility of the collection of the premiums upon the plaintiff because, after their separation, plaintiff in a conversation, told the defendant that he would attend to the collections of the premiums. But that was done with defendant's consent and there is no intimation that the plaintiff was derelict in his efforts. But why should defendant, after he had parted from plaintiff worry about the collection of the premium, if he did not consider he was liable for them?

Plaintiff's ledger shows that all the premiums were charged to defendant's account, in an account kept in his name and that he had frequent occasion to see the account and did see it and never protested and that no account was kept in the name of the assured.

We think the testimony of the plaintiff establishes the correct relations between the parties and that the defendant owes the premiums.

We are also of the opinion that the plaintiff by his witnesses, has established the correctness of the account sued on.

The judgment was in favor of the plaintiff against the defendant and it is therefore affirmed.