KAUFMAN v. GREGORY, Appellant

---

(March 14, 1927.  Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana   Digest—Pleading—Par.   76, 81, 82.**

A plaintiff who claims insurance premiums from a solicitor without alleging the nature of the contract may afterwards file a supplemental petition setting forth a written contract.

2. **Louisiana  Digest—Evidence—Par.  88, 347.**

Parol testimony to establish who the debtor is, is not testimony to prove the assumption of the debt of a third person.

3. **Louisiana Digest—Mandate—Par. 29, 31.**

The solicitor of insurance policies in this case held personally liable for the payment of the premiums to the insurance agent.

Appeal from First City Court.  Hon. Val. J. Stentz, Judge.

Action by Harry Kaufman Co., Ltd., against R. J. Gregory.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Morris B. Redmond, of New Orleans, attorney for plaintiff, appellee.

Harold A. Moise, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. This is a suit for the recovery of insurance premiums.

The plaintiff alleged that it was engaged in the insurance agency business in the City of New Orleans; that on various policies written by it in names and delivered to R. J. Gregory there are premiums due by him to plaintiff amounting to $204.61 for which plaintiff claims judgment against defendant.

Defendant denied the allegations of plaintiff's petition.

Plaintiff filed a supplemental petition in which it set forth a written contract with the defendant under which he solicited insurance contract; that according to usage in the insurance business the defendant was personally liable for the premiums; that plaintiff paid to the insurance companies the premiums due in insurance contracts solicited by defendant, and then charged them to defendant's personal account with his consent.

Defendant admitted the contract and admitted that in accordance therewith he had placed insurance with the plaintiff but denied personal liability for the premiums; he averred that he merely acted as an agent to solicit business for the plaintiff at a fixed compensation, and that he was not a guarantor for the payment of the premiums.

There was judgment for the plaintiff, and the defendant has appealed.

The contract does not state who shall be personally liable for the premiums.

The defendant excepted to the supplemental petition upon the ground that it changed the substance of the demand by alleging a written contract. The demand remained the same, namely, an amount of insurance premiums. The original petition did not mention the nature of the contract whether verbal or written. The allegation of a written contract did not change the nature of the demand nor did it take defendant by surprise as the contract annexed to the supplemental petition was signed by the defendant, and admitted by him in his answer. Amendments in the interest of justice are favored by law. 6 La. Dig., p. 38.

The defendant also objected to parol testimony to prove the assumption by defendant of the debt of the assured. C. C. 2278.

Even had no objection been made the parol testimony could not have been considered if the debt was that of a third person. Article 2278 has been held to be a law of public order. Succession of Edwards, 34 La. Ann. 228, 232; Succession of Gaines, 45 La. Ann. 1426, 14 So. 251; Watson Bros. vs. Jones, 125 La. 251, 51 So. 187; Guillot vs. Guillot, 141 La. 81, 74 So. 702. As correctly ruled by the trial judge:

"Theer is no doubt that a debt of a third person must be in writing, but we are now inquiring whether this is a debt of a third person."

The sums sued for did not constitute the debt of a third person but was the original debt of the defendant himself. The plaintiff had no dealings with the assured and made no contract with him. It was the defendant's business and not that of the plaintiff. We shall consider the parol evidence admitted to show whose debt it was, and not for the purpose of establishing the promise to pay the debt of another.

We have read the contract sued on and all the testimony adduced on the trial of the case. Nothing is said in the contract concerning the liability for the premiums

sued on. But the plaintiff swears, and in that he is supported by the testimony of another solicitor in their employ for eight years, and by the testimony of their secretary since 1919, that in .their business and according to 'the usage and custom of all other persons in the same business the solicitor is charged with, and is responsible for, the premiums after the expiration of sixty days from the date of the policy, within which time the solicitor may cancel the policy without liability on his part. · Defendant had been in plaintiff's employ first as agent and subsequently as solicitor for four or five years, and had been in the insurance business for 15 or 17 years and was presumed to know what the custom was, or to be able to establish by others what that custom was in the business. Although he denies that he was liable for the premiums or that the custom testified to by plaintiff prevailed, he did not produce a single witness to establish the custom or to contradict plaintiff's testimony or that of his two witnesses concerning that custom.

We must therefore hold that the custom was that testified to by plaintiff's witnesses and that defendant was liable for the premiums individually insofar as the plaintiff was concerned, and that therefore the debt for the premiums, as regards the plaintiff, was an individual debt of the defendant to the plaintiff and not a debt of the assured.

This whole question was examined by us in the case of the same plaintiff vs. Mahen, 2 La. App. 354, and a second examination of the issues involved has satisfied us that our previous opinion was correct.